Hatch, J.
The motion presents a single question; stated, it reads: Can a written contract, complete in all respects, executed and delivered by the person sought to be. charged, be shown not to be in fact the contract between the parties; but that in fact such contract was executed and delivered for a particular purpose; and to defeat a right of action thereunder, can the real contract resting in parol be shown ? Notwithstanding the multitude of words, upon oral argument, and the length of brief, as a silent monitor, I am convinced that this question has long been settled by authority. Simply stated, the question is, may a paper appearing to be a contract be shown not to be such?
In Grierson v. Mason, 60 N. Y., 394, evidence of this character was held competent for the precise purpose for which it was offered here, and a result similar to the one reached in this case was upheld. The rule therein announced has never been departed from by any well adjudged case since and whenever cited its approval has been uniform. Union Trust Co. v. Whiton, 97 N. Y., 177; Schmittler v. Simon, 114 id., 184; 23 St. Rep., 160; Thomas v. Scutt, 127 N. Y., 133-138; 38 St. Rep., 692.
In the latter case it is said, in speaking of the rule: “ The real exceptions may be grouped into two classes, the first of which includes those cases in which parol evidence has been received to show that that which purports to be a written contract is in fact no contract at all * * * Such proof does not recognize the contract as ever existing as a valid agreement, and is received from the necessity of the case to show that that which appears to be, is not and never was a contract.”
In Grierson v. Mason, supra, it is said: “ Such evidence was not given to change the written contract by parol, but to establish that such contract had no force, efficacy or effect.”
This language answers every objection urged. While it may be possible to pick up isolated answers of defendant tending to show that the contract was to evidence the relation between the parties,- yet his answer and his testimony, taken as a whole, authorized the jury to find that the contract relied upon was not the contract between the parties.
The motion is, therefore; denied, with costs.