## THOMPSON v. GOLDSTONE.

(Supreme Court, Appellate Division, Second Department.   February 28, 1916.)

1. PAWNBROKERS ⊘⊃9—ACTION—INSTRUCTION—STATUTE.
    In an action by the owner of jewels against a pawnbroker, with whom
they were pledged by the owner's agent, intrusted with possession under
authority to sell to particular buyers, the instruction that, if the agent's
position or agency·was limited, the pawnbroker acquired no lien upon the
property, and the owner could recover, was improper, as depriving the
pawnbroker of the protection of Factors' Act (Personal Property Law
[Consol. Laws, c. 41]) § 43, touching the right of a third person to rely
upon the authority of one intrusted with the possession of merchandise.
    [Ed. Note.—For other cases, see Pawnbrokers, Dec. Dig. ⊘⊃9.]

2. PAWNBROKERS ⊘⊃5—PROTECTION AGAINST OWNER OF FRAUDULENTLY MADE
    PLEDGE—STATUTE.
    Under Personal Property Law, § 43, providing that every agent in-
trusted with merchandise to sell shall be deemed the true owner, to give
validity to any contract made by him for the sale or disposition of the
merchandise for any money or negotiable instrument given on faith of the
possession, a dealer in jewels, who intrusted jewels to his agent for sale
to particular buyers, such agent pledging them with a pawnbroker, who
had no actual or constructive notice of the true character of the agent's
possession, could not recover of the pawnbroker the full value of the gems,
regardless of the pawnbroker's assertion of his lien for his loan on them,
since the pawnbroker was entitled to the protection of section 43, the
phrase of the final sentence thereof, "upon the faith thereof," meaning
upon the faith of the possession of the property.
    [Ed. Note.—For other cases, see Pawnbrokers, Cent. Dig. § 4; Dec.
Dig. ⊘⊃5.]

3. SALES ⊘⊃234—BONA FIDE PURCHASERS—POSSESSION.
    The possession of personal property obtained by common-law larceny
confers no title which can protect an innocent purchaser from the thief.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 645, 657–677, 679,
680; Dec. Dig. ⊘⊃234.]

Appeal from Trial Term, Nassau County.

Action by Grove G. Thompson against William Goldstone.   From
a judgment for plaintiff, and an order denying his motion for new
trial, defendant appeals.   Judgment and order reversed, and new
trial granted.

Argued before JENKS, P. J., and THOMAS, STAPLETON,
MILLS, and PUTNAM, JJ.

Jerome Eisner, of New York City, for appellant.
Charles C. Clark, of New York City, for respondent.

JENKS, P. J.   The plaintiff was a dealer in jewels.   The defend-
ant is a pawnbroker, with whom certain of the plaintiff's jewels were
pledged.   The plaintiff had the verdict at Trial Term for the full value
of the jewels, regardless of the defendant's assertion of his lien for
his loan on them.   The plaintiff intrusted the possession of the jewels
to Shattuck, to sell them, but Shattuck pledged them with the defend-
ant.   The plaintiff made proof that he was induced to give Shattuck
possession of the jewels by Shattuck's representation that he had

particular purchasers in view; and there was proof tending to show, as between him and Shattuck, the reservation of the title to the plaintiff. The contention of the defendant was that he knew nothing of these things, and that Shattuck came to him as any ordinary pledgor, in full possession of personal property.

[1] The learned court charged the jury:

"If Mr. Shattuck's position or agency here was limited, then Mr. Goldstone acquired no lien upon the property, and the plaintiff is entitled to recover."

We think that the defendant's exception to this instruction was well taken, because in effect the jury were instructed that, to entitle the plaintiff to their verdict, they had but to determine whether the plaintiff had parted with the possession of the jewels to Shattuck, with the understanding between them that Shattuck had specified purchasers only in view. There can be little, if any, doubt that the jury understood the reference of the court by the use of the word "limited," because theretofore the court had dwelt upon this feature of alleged limitation and had explained fully the particulars thereof.

[2] But, if Shattuck came to the defendant in full possession of the jewels and apparently the owner thereof, the court charged the rule of common law; whereas, we think that the defendant, although a pawnbroker, was entitled to the protection of the Factors' Act, "now in substance a part of the Personal Property Law" (section 43). Freudenheim v. Gutter, 201 N. Y. 94, 94 N. E. 640. In this case Vann, J., for the court, after discussion of the departure made from the common law by this statute, the policy and the effect thereof, says:

"Possession is the controlling word in the statute, and the controlling fact in nearly all cases. Possession is evidence of ownership, and the statute makes it conclusive evidence that the agent in possession as the apparent owner is the real owner, so far as necessary to protect bona fide purchasers from his fraud. It makes the owner vouch for the honesty of his agent. The real theory of the act is that the selection of the faithless agent and intrusting him with the property is the cause of the loss, and hence that loss is placed, not upon the third party who is wholly innocent, but upon the owner, because by appointing and trusting a dishonest agent he brought about the loss."

Notwithstanding that there may have been this limitation upon the agency of Shattuck, if the defendant appeared as an innocent person, who dealt with Shattuck in reliance upon Shattuck's apparent ownership resting upon his possession, the defendant could not be affected by the character of such possession, of which the defendant had no notice, either actual or constructive. N. Y. Security & Trust Co. v. Lipman, 157 N. Y. 551, 52 N. E. 595; Gass v. Astoria Veneer Mills, 134 App. Div. 188, 118 N. Y. Supp. 982; Oakland Manufacturing Co. v. Linde Co., 162 App. Div. 543–553, 147 N. Y. Supp. 1045. The expression in the final sentence of section 43 of the Personal Property Law (Factors' Act), "upon the faith thereof," means upon the faith of such possession. Kinston Cotton Mills v. Kuhne (No. 1) 129 App. Div. 258, 113 N. Y. Supp. 779 and cases cited; Gass v. Astoria Veneer Mills, supra.

[3] The consideration of this instruction as given does not require discussion of the contention that Shattuck procured possession by a crime. We do not differ from this court in its First Department when it declares:

"The possession of personal property obtained by common-law larceny confers no title which can protect an innocent purchaser from the thief." Phelps v. McQuade, 158 App. Div. 528, 530, 143 N. Y. Supp. 822.

In that case, also, we note that the court made distinction between a fraud which is made a felony by statute only, and which was not a felony in common law. We confine our reversal to the error in the instruction, without discussion or decision upon the other features of the case.

The judgment and order are reversed, and a new trial is granted; costs to abide the event. All concur.