EDWARD KUPCHICK, Respondent, *v.* HARRY LEVY et al., Appellants.

(Supreme Court, Appellate Term, First Department, January Term — Filed March, 1921.)

**Pledge — when doctrine of estoppel does not apply — conversion — evidence.**

Where in an action for conversion the evidence is convincing that, notwithstanding a memorandum signed by one at the time

plaintiff delivered to her a watch, it was to remain the property of plaintiff and be returned on demand, she was intrusted with the possession of the watch for the purposes of sale, she must be deemed the true owner, and a judgment against the defendant with whom she pawned the watch will be reversed and the complaint dismissed.

It appearing that defendant had no knowledge of and did not rely on any previous dealings between plaintiff and the pledgor, the doctrine of estoppel did not apply.

McCook, J., concurring.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of the plaintiff.

Michael J. Sweeney, for appellants.

Jacob M. Kram, for respondent.

GUY, J. I am of the opinion that the doctrine of estoppel has no applicability, as the pledgee had no knowledge of and did not rely upon any previous dealings between plaintiff and Bonner, the pledgor.

The evidence of plaintiff's salesman is convincing that notwithstanding the memorandum signed by the pledgor, she was " entrusted with the possession " of the merchandise in question " for the purpose of sale," and must be " deemed to be the true owner thereof " to the extent of giving validity to her contract with defendant, pledging said merchandise for moneys advanced to her. *Thompson* v. *Goldstone,* 171 App. Div. 666, 668.

Judgment reversed and complaint dismissed, with thirty dollars costs in this court and costs in the court below.

McCook, J. (concurring). Action for conversion of a watch. The facts are conceded. Plaintiff is a jeweler in this city. In January, 1920, he delivered

to one Anna Bonner a watch of the value of $400, at the same time taking from her a receipt or memorandum upon which was printed the following:

" These goods are sent for your inspection and remain the property of Ed. Kupchick, and are to be returned on demand. Sale takes effect only from date of approval of your selection, and bill of sale rendered."

The Bonner woman pawned the watch with defendants, obtaining the sum of $250 thereon. Defendants had no knowledge of this transaction, or of other dealings between plaintiff and Anna Bonner. After the death of the woman, plaintiff, by the aid of the police, located the watch in defendants' pawnshop and demanded same. Defendants refused to deliver the watch unless they were repaid the loan made to Anna Bonner, with interest. Plaintiff brings this action to recover the value of the watch.

Plaintiff's salesman, who delivered the watch to Bonner, testified that he had delivered goods to her on six, seven or eight occasions, a receipt similar to the one in this case being given. He stated that on some occasions she returned the goods, and on others paid for them. Plaintiff had been doing business with her in this manner for about eighteen months. He further testified that when persons take articles out on memorandum " some of them take them out for sale and some of them for themselves." " When we give out to people, we don't ask what they are going to do with the watch." " I don't know what she done with the article; it is not my business what she is doing with it. We take it a memorandum. If they don't return that article, they have to pay for the article."

Plaintiff's contention is that title did not pass, and, therefore, he is entitled to recover his property or its

value. Defendants claim that while it may be true title did not pass, nevertheless under the circumstances plaintiff is estopped from asserting title against a *bona fide* purchaser or lienor such as defendants. *Smith* v. *Clews,* 114 N. Y. 190. They also rely on the Factors' Act.

The Factors' Act is section 43 of the Personal Property Law, and subdivision 1 reads as follows:

"Every factor or other agent, entrusted with the possession of any bill of lading, custom-house permit, or warehouseman's receipt for the delivery of any merchandise, and every such factor or agent not having the documentary evidence of title, who shall be intrusted with the possession of any merchandise for the purpose of sale, or as a security for any advances to be made or obtained thereon, shall be deemed to be the true owner thereof, so far as to give validity to any contract made by such agent with any other person, for the sale or disposition of the whole or any part of such merchandise and any account receivable or other chose in action created by sale or other disposition of such merchandise, for any money advanced, or negotiable instrument or other obligation in writing given by such other person upon the faith thereof."

In *Thompson* v. *Goldstone,* 171 App. Div. 666, 668, the court construed this section as follows: "The expression in the final sentence of subdivision 1 of section 43 of the Personal Property Law (Factors' Act), 'upon the faith thereof,' means upon the faith of such possession." The court in the *Thompson* case also said (p. 668): "Notwithstanding that there may have been this limitation upon the agency of Shattuck, if the defendant appeared as an innocent person who dealt with Shattuck in reliance upon Shattuck's apparent ownership resting upon his pos-

session, the defendant could not be affected by the character of such possession of which the defendant had no notice, either actual or constructive." See, also, *Schmidt* v. *Simpson*, 204 N. Y. 434, 438.

Judgment reversed, complaint dismissed, with thirty dollars costs in this court and costs in court below.