CHARLES T. DOUGHERTY COMPANY, INCORPORATED, A CORPORATION, RESPONDENT, v. PHILIP KRIMKE, APPELLANT.

Submitted November 1, 1928—Decided February 4, 1929.

For the respondent, *Walter A. Beers.*

For the appellant, *Stein, McGlynn & Hannoch.*

The opinion of the court was delivered by

McGLENNON, J. The defendant appeals from a judgment of the Supreme Court, Essex Circuit, awarding possession of a certain diamond to plaintiff, in an action on replevin, based upon a verdict of the jury.

The undisputed facts in the case appear to be as follows:

Plaintiff, a manufacturing jeweler, at its place of business, in New York City, on November 3d, 1926, delivered an emerald-cut diamond to one Charles Scull, of the firm of Scull & Thompson, known as brokers in the jewelry line, and Scull then and there signed the following memorandum:

"New York, 11/3/26.

Scull & Thompson,
To Charles T. Dougherty Co., Inc., Dr.
Manufacturing Jewelers,
7-11 West 45th Street,                                        No. 13090.

The following goods for examination: It is understood and agreed that said goods shall remain the property of Charles T. Dougherty Co., Inc., and that no title is to pass, are subject to their order, and shall be returned on demand.

| Emer. | Cut | Dia. | 2.22 | 888— |
| " | " | " | 5.17 | 500ct. |
| | | | Net Cash | $2585. |

C. A. SCULL."

It also appears that on November 8th, five days after the interview with Scull, the plaintiff added opposite the price, the notation "CHGD. 11/8/26."

In the meantime, after obtaining the stone, Scull pledged it with the defendant for a loan of $700, and the defendant later refused to deliver the diamond to plaintiff upon demand therefor.

The defendant pleaded and proved the law of the State of New York, commonly known as the Factors act, which provides in part:

"Every factor or other agent entrusted with the possession of any bill of lading, custom house permit or warehouseman's receipt for the delivery of any merchandise, and every such

factor or agent not having the documentary evidence of title, who shall be entrusted with the possession of any merchandise for the purpose of sale, or has the security for any advances to be made or obtained thereon, shall be deemed to be the true owner thereof, so far as to give validity to any contract made by such agent with any other person, or the sale or disposition of the whole, or any part of this merchandise * * * ."

The trial court submitted the case to the jury, charging in substance that at the time Scull took the diamond he was a factor or agent entrusted with the possession, control and disposal of the merchandise, and could sell it, but could not pawn it or pledge it for his own account, and left to them the sole question to determine, whether the status of Scull had been changed so as to become merely a debtor to plaintiff, according as they should find the transaction of November 8th, 1926, was a sale or was not a sale, instructing them to find for the plaintiff in case there was no sale, otherwise to find for the defendant.

But in our view, the determination of the matter rests upon the uncontroverted proofs as above outlined. We find it unnecessary, therefore, to discuss the objections to the testimony of Scull, introduced by way of stipulation (Scull was an inmate of a New York state prison at the time of the trial), which testimony was intended to show misrepresentation in obtaining the stone. There is no proof of knowledge thereof by defendant which might affect his rights. We deem it sufficient to a decision, to consider the defendant's motion for a direction of a verdict.

The verdict rendered under this charge, implies that there was no sale to Scull, on November 8th, and the judgment rests entirely upon such finding. It is undisputed that Scull pledged the stone prior to that date, and his power to do so must depend upon his authority at the time of making it. The place of the making of the contract between the plaintiff and Scull, and the original *situs* of the property in question, was in the State of New York, while the contract between Scull and the defendant and *situs* of the property, at that time, was in this state.

This court, in *Cooper* v. *Philadelphia Worsted Co.,* 68 *N. J. Eq.* 622, had occasion to review the law applicable to such circumstances and, at page 631, approved the doctrine that a title good under the law of the original *situs,* although not good under the law of the jurisdiction to which the property may be removed by one party, without the consent of the other, should be sustained. And much more should such a title be sustained, where there is no conflict of law between the two jurisdictions.

We proceed, then, to examine into the legal effect of the contract between the plaintiff and Scull, under the law of the State of New York. The memorandum clearly indicated, and it is not denied, that this diamond was thereby entrusted to Scull, for the purpose of contemplated sale. It may be conceded, that the reservation of title in plaintiff was good as between it and Scull, so long as it remained in his possession. The Factors act of the State of New York, quoted above, declares, however, that an agent or factor so entrusted with possession for such purpose, shall be deemed to be the true owner, so far as to give validity to any contract made by him, with another person, for the sale or other disposition of the whole or any part of such merchandise. It is conceded by respondent, that the courts of New York in several cases cited by him, as well as by appellant, such as *Thompson* v. *Goldstone,* 157 *N. Y. Supp.* 621, have held that a pledge of merchandise, by such an agent for a loan, is binding by virtue of the Factors act.

The respondent, however, contends that the case of *Marvin Safe Co.* v. *Norton,* 48 *N. J. L.* 410, is authority for sustaining his claim of title as good in New Jersey against the appellant. The court, in that case, as pointed out in the Cooper case, *supra,* held that the title of Schwartz, the original vendee, under a conditional sale reserving title in vendor, was to be determined by the law of Pennsylvania, where the contract was made and executed by the delivery of the safe, and that such reservation was lawful in that state. The case also held that the title of Norton acquired in New Jersey, under New Jersey law, was only such title as his vendor, Schwartz, then had, which was only conditional, and that there was no con-

flict between the title to the goods in Pennsylvania, and the title thereto in New Jersey; on the contrary, it was the very title acquired in Pennsylvania, which subsequently passed by the transfer in New Jersey.

This holding is entirely consistent with the doctrine of the Cooper case, when it is borne in mind that the New York law deemed Scull to be the true owner, so far as to give validity to any contract, made by him with another person. In other words, Scull held the effective title, or power to convey title, at the time of his pledge to the defendant. He had control of the title, under the law of the State of New York, as did the plaintiff in the Marvin case, under the Pennsylvania law. And so here, under the law of New Jersey, Scull had the right to make the pledge, which he had power to do under the law of New York.

Consequently, the trial court fell into error, in charging that Scull could not pawn or pledge this diamond, and submitting to the jury a question of fact not necessary to a decision, and should have directed a verdict for the defendant.

For these reasons, the judgment will be reversed.

*For affirmance*—PARKER, VAN BUSKIRK, JJ. 2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.