HENRY GREEN, Appellant, *v.* LOUIS L. WACHS et al., Respondents, Impleaded with Another.

(Argued October 9, 1930; decided November 18, 1930.)

*Walter Underhill, Maurice Rubinger* and *Robert Jacobs* for appellant. Evidence of custom and prior dealings was properly rejected. (*Bigelow* v. *Legg,* 102 N. Y. 652; *Hayward* v. *Wemple,* 152 App. Div. 195; 206 N. Y. 692; *Hopper* v. *Sage,* 112 N. Y. 530; *Hart* v. *Cort,* 165 App. Div. 583.)

*Harold R. Medina, William Solomon* and *William Gilbert* for respondents. The trial court erred in excluding testimony as to custom and past transactions. (*Barro* v. *Saitta,* 145 N. Y. Supp. 849; *Folinsbee* v. *Sawyer,* 158 N. Y. 196; *Robert* v. *U. S. S. B. Emergency Fleet Corp.,* 240 N. Y. 474; *Hankinson* v. *Vantyne,* 152 N. Y. 20.)

CRANE, J. Henry Green, of 527 Fifth avenue, New York city, had been in the jewelry trade for over twenty-nine years, selling precious stones. He was the owner of an emerald cut diamond weighing 13.40 carats. For some years he had been doing business with Felix B. Vollman, in the same line of business, and had on many occasions sold to or through him, jewelry. In the fall of 1925, Vollman took from Green the emerald cut diamond, worth, it is said, about $18,000, to show to his customers and to make a sale, pursuant to arrangements which were embodied in the following writing:

' Memorandum

" No. 16968

" Henry Green
" 527 Fifth Avenue
" New York
" Telephone Murray Hill 9795
" Importer of Precious Stones

" To Felix B. Vollman  " New York, *Sept.* 3, 1925
" City.

" These goods are sent for your inspection and remain the property of Henry Green and are to be returned on demand.   Sale takes effect only from date of approval of your selection, and a bill of sale rendered.

" 1 Em. Cut Dia. in ring 13.40      $12,500 — Stone
" Net

" (Signed)      FELIX B. VOLLMAN "

On the third of October Green demanded the return of this gem, which resulted in the following letter:

" *Oct.* 3rd, 1925
" Henry Green,
" 527 Fifth Avenue,
" New York, N. Y.
" My dear Mr. Green:

" In response to your letter of today's date, we wish to advise you that we have gotten in touch with the party who had your goods on memorandum from us and we herewith enclose his reply to us.

" Please be patient as we assure you we are endeavoring to the utmost to have the goods returned to you on Monday, October the fifth.      Yours very truly,
" FELIX B. VOLLMAN & Co.
" Signed  Felix B. Vollman."

Vollman had passed the diamond on to another dealer, named Harry Cohn, who wrote to him that on account of the demand made by Henry Green for the emerald cut diamond, he would return it not later than October seventh.   " This," he wrote, " no doubt will satisfy your request for the return of this merchandise and should in turn satisfy Mr. Green."

It appears that Cohn had passed the diamond on to another dealer named Harry C. Arnow, who in turn had sold it to Louis L. Wachs and Morris H. Mann, the respondents. The money paid for the stone was returned neither to Vollman nor to Green. The latter thereupon brought this action against Wachs and Mann to recover the stone or its value.

The issue at the trial was the authority of Vollman to sell the stone. The defendants offered to supplement or explain the written memorandum of September third, above quoted, by showing a custom in the trade that brokers or dealers, such as Vollman, under similar circumstances, had authority and were expected to sell jewelry consigned to them, and remit after receiving the price from their customers. The trial justice excluded such evidence and also struck out all the evidence bearing upon the previous dealings of Vollman and Green in so far as it attempted to show the nature of their previous transactions. The court ruled that the memorandum of September third was not ambiguous, was clear in its meaning and could not be varied by parol evidence of trade custom or by the previous acts of the parties.

The judgment directed for the plaintiff was reversed by the Appellate Division on the authority of *Smith* v. *Clews* (105 N. Y. 283), two of the justices dissenting.

The jeweler, Henry Green, did not part with title merely because he parted with possession. Vollman, in taking the diamond, held it subject to the agreement which he had made with Green. Anybody taking it from Vollman, even an innocent purchaser for value, such as these defendants, had no better right to the stone than did Vollman. (*Smith* v. *Clews*, 114 N. Y. 190, on the second appeal.) The right to this diamond, therefore, depends upon Vollman's right to sell, and this in turn depends upon the meaning of the memorandum which he signed when he took the stone. If there be any doubt about the meaning of the words or phrases used in this paper, the trial justice was in error in ruling out the

proposed evidence. If the meaning is clear, then his rulings were correct. Whatever may have been the previous dealings between Green and Vollman, Green had the right to part with this diamond on such terms as he desired, and if his intention was made clear, it could not be modified or changed by anything he had done before.

We are of the opinion that the memorandum agreement of September third is clear on its face. The diamond is sent to Vollman for his inspection, and is to remain the property of Henry Green, to be returned on demand. Vollman, of course, took the diamond to sell. He and Green were in that business. The memorandum, however, states that a sale, that is, a sale by Green to Vollman, passing title is to take effect only from the date of the approval (Green's approval) of his (Vollman's) selection, and a bill of sale rendered. Title never passed to Vollman, according to this agreement, as a sale to him never took effect. There is no evidence of an approval of his selection, or attempted sale; and no bill of sale was ever rendered. The correspondence in the case indicates that more than one piece of jewelry or one gem was taken at a time, and such, no doubt, is the practice with these jewelry brokers. The memorandum, therefore, as will be noted, is in the plural, and reads: " These goods are sent for your inspection," etc. This explains more fully the meaning of the words: " Sale takes effect only from date of approval of your selection." The selection evidently refers to Vollman's selection among the pieces taken for inspection or on consignment. Whatever meaning, however, we may give to these words, it is clear that at the time Vollman took the diamond and signed the memorandum, no title passed to him, and no title passed out of Green to anybody thereafter until Green had acted on Vollman's selection, and given a bill of sale. Parol evidence, therefore, offered on behalf of the defendants in this case was properly excluded. (*Hopper* v. *Sage*, 112 N. Y. 530; *Hayward* v. *Wemple*, 152 App. Div. 195; 206 N. Y. 692; *Bigelow* v. *Legg*, 102 N. Y. 652.)

*Smith* v. *Clews* (as reported in 105 N. Y. 283 and 114 N. Y. 190) is very similar to the present case. Diamonds were the subject of the sale on memorandum, which stated that they were given to the broker or middleman " on approval " to show his customers. They were to be returned on demand. On the second trial the complaint was dismissed following this court's decision on the first appeal. When the case reached this court it was again reversed for error in excluding evidence offered by the plaintiff. Effort was made to show that the words " on approval " had a well-recognized meaning in the trade and were understood to confer no power of sale, but merely authority to show diamonds to a customer and report to the owner. This court said, in holding such evidence to be competent, that if the words " on approval " were stricken from the memorandum, the duty to return was absolute; that the authority would be merely to show or exhibit to prospective customers. The memorandum being ambiguous by the use of these words " on approval," the offered testimony was considered competent, and the case was sent back for a new trial. Vollman's agreement is much plainer and simpler than the memorandum in *Smith* v. *Clews* (*supra*). The goods are to remain the property of Henry Green; no sale is to take effect until a bill of sale is rendered; and the approval is to be the approval by Green of Vollman's selection.

It is unnecessary to invoke that rule, for the result would be the same though an agreement equally definite had been made by word of mouth. The agreement, even if oral, would not have been disproved by the evidence offered as to the earlier transactions, nor would custom have been available to override its plain significance.

The judgment of the Appellate Division should, therefore, be reversed, and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.