WILLIAM BALTER & Co., INC., Plaintiff, *v.* PROVIDENT LOAN SOCIETY OF NEW YORK and Another, Defendants.

City Court of New York, New York County, December 21, 1932.

*David P. Siegel*, for the plaintiff.

*De Forest Brothers*, for the defendants.

NOONAN, J.    The action is in conversion to recover the value of certain jewelry which was delivered by the plaintiff, a dealer and manufacturer of jewelry, to the defendant Jules Howard under a memorandum which provided that the jewelry was delivered for the purpose of examination only and was to remain the property of the plaintiff and subject to its order and was to be returned to the plaintiff on demand.    The complaint also alleges that Howard wrongfully, feloniously and unlawfully, and without notice to the plaintiff, delivered the possession of said jewelry to the defendant

Provident Loan Society of New York, engaged in business as a pawn-broker, under and by virtue of a pledge agreement, and that this defendant refused to return the jewelry to the plaintiff on demand.

A motion is made by the plaintiff pursuant to rule 109 of the Rules of Civil Practice to strike out the three affirmative defenses set up in the answer on the ground they are insufficient in law on their face. The first of these defenses alleges a general custom in the jewelry trade in which the plaintiff and Howard were engaged which authorizes those to whom jewelry is delivered on memorandum to sell the merchandise at the price stated in the memorandum and to turn over the proceeds to the dealer in lieu of the return of the jewelry, and that the delivery of the jewelry to Howard, interpreted in the light of this custom, constituted Howard the plaintiff's agent or factor for sale. It is further alleged that the defendant loaned money to Howard's representative, one Gallen, on the faith of the possession of the jewelry by Gallen and thereafter sold the jewelry as an unclaimed pledge. By this defense the defendant seeks to take advantage of the Factors' Act (Pers. Prop. Law, § 43), which applies to those who, like the defendant, are engaged in the pawn-broker's business. Such a defense has been upheld. (*Marsellus, Pitt & Co.* v. *Simpson,* 143 App. Div. 383.) In that case the court said (at p. 384): " It was proved that it was the custom in the trade to deliver goods to persons in the trade on memorandum, and the person to whom the goods were delivered had the right to sell the goods, but was bound to bring back the goods delivered or the money, in which case the sale would be complete." The case of *Green* v. *Wachs* (254 N. Y. 437), relied upon by the plaintiff, is different in its facts. There the memorandum contained the words: " Sale takes effect only from date of approval of your selection and a bill of sale rendered." The court held that parol evidence of custom would not be allowed to vary or contradict this memorandum of consignment, where title had not passed. Here the memorandum does not contain such language. Besides, in *Green* v. *Wachs* the court passed upon the question of title and recognized the fact that the jewelry was given to the broker for the purpose of sale. Here also the rights of the defendant as a factor are involved, which was not discussed or passed upon in *Green* v. *Wachs* (*supra*). The Factors' Act protects pawnbrokers who in good faith make advances on property which has been intrusted for sale by the owner to the party pledging the merchandise. There is no protection in case the property has been stolen. (*Schmidt* v. *Simpson,* 204 N. Y. 434; *Soltau* v. *Gerdau,* 119 id. 380; *Marsellus, Pitt & Co.* v. *Simpson, supra.*) (See, also, *Thompson* v. *Goldstone,* 171 App. Div. 666; *Sluyter Co.* v. *Koplik,* [Mun. Ct. N. Y.] 168 N. Y. Supp. 1016; *Freudenheim* v. *Gutter,* 201 N. Y. 94.)

The second defense sets forth that the alleged memorandum under which the jewelry was given to Howard was not the real agreement between the plaintiff and Howard, but was used as a means of escaping liability to third persons and to defeat the protection afforded by the Factors' Act to innocent pledgees or vendees. It is also alleged in this defense that the real oral agreement was to confer on Howard the right to pledge or sell the jewelry he took on memorandum. This defense permits the defendant to show the actual agreement made between the parties to the transaction. Its sufficiency cannot be doubted. (*Grierson* v. *Mason*, 60 N. Y. 394; *Union Trust Co. of New York* v. *Whiton*, 97 id. 172; *Thomas* v. *Scutt*, 127 id. 133, 138; *Morgenstern* v. *Diamond*, 220 App. Div. 191; *O'Leary* v. *McDonough*, 2 Misc. 219.)

The third defense alleges a sale of the jewelry to Howard subsequent to delivery to him, but before the plaintiff brought this action, and the purpose of the defense is to show that the plaintiff had neither title nor right to possession at the time the action was commenced. No authority is required to sustain the sufficiency of such a defense.

All of the defenses attacked are, in my opinion, sufficient on their face. What the proof may develop on the trial is another matter.

The motion to strike out the defenses is, therefore, denied. Order signed.