G. DEWEY SULLIVAN, INC., Plaintiff, *v.* H. STERN, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 16, 1933.

*Finkel & Raphael* [*A. Aaron Raphael* of counsel], for the plaintiff.

*Hahn & Hahn* [*Demarest J. Hahn* of counsel], for the defendant.

SULSBERGER, J. This case was submitted to me on an agreed statement of facts. The plaintiff delivered a baguette diamond ring of the value of $925 to one Matthew Singer, who executed a memorandum which contained the following provision: " These goods are sent for your inspection and remain the property of G. Dewey Sullivan, Inc., and are to be returned on demand. Sale takes effect only from date of approval of your selection, and bill of sale rendered." Thereafter Singer pledged the ring with the defendant, a duly licensed pawnbroker, for an advance of $408. The defendant dealt with Singer in the regular course of business and, in good faith, deemed him to be the true owner.

Plaintiff sues in replevin for the possession of the ring. Defendant, relying on the Factors' Act (Pers. Prop. Law, § 43), claims the amount advanced by it as a condition to surrendering possession.

The evolution and development of this statute makes its purposes clear. Among other things, it was designed to depart from and abolish the harsh rule of the common law (*Williams* v. *Barton*, 3 Bing. 139), which rendered void any pledges by a factor or agent, authorized only to sell. As against innocent strangers, where the factor or agent was "intrusted with the possession" of personal property or "documentary evidence of title" thereto, the distinction between a general agency and a limited or special agency was broken down. (*Pegram* v. *Carson*, 10 Bosw. 505.) It was sought to promote the liquidity of the channels of commerce, thereby fostering freedom of trade. As was said in *Cartwright* v. *Wilmerding* (24 N. Y. 521, 526): " The act was intended to modify and make certain, (in its practical application to the current transactions of trade and commerce,) the general common-law rule, that, where one of two innocent persons must suffer loss from the act of a third person, such loss shall be borne by him, who has placed the third person in the position which enabled him to do the act causing the loss." More recently (*N. Y. Security & Trust Co.* v. *Lipman*, 157 N. Y. 551, 562) it was said: " The object of the statute was to protect innocent persons who deal in reliance upon apparent ownership, resting upon possession either of the merchandise itself or documentary evidence of ownership."

There still survive certain risks incidental to the precarious business of pawnbrokers. The Factors' Act does not afford any protection in case the property has been stolen. (*Soltau* v. *Gerdau*, 119 N. Y. 380; *Phelps* v. *McQuade*, 158 App. Div. 528, 530.) It is

doubtful whether this act is a shield where the property was obtained wrongfully, by some species of fraud, the owner not intending to part with possession. (Cf. *Kinsey* v. *Leggett*, 71 N. Y. 387, 395; *Phelps* v. *McQuade*, 158 App. Div.. 528.) The presumption of ownership vanishes where the pledgee is not entirely innocent. (Cf. *Thompson* v. *Goldstone*, 171 App. Div. 666; *Kingston Cotton Mills* v. *Kuhne, No. 1,* 129 id. 250.) However, it is well settled that pawnbrokers come within the purview of the Factors' Act. (*Freudenheim* v. *Gütter*, 201 N. Y. 94, 104, 105; *Sluyter Co.* v. *Koplik*, 168 N. Y. Supp. 1016.)

It is contended that the Factors' Act is inapplicable for the reason that the conventional relationship of principal and agent does not exist between plaintiff and Singer. On authority and reason, I am satisfied that one who is intrusted with possession, or with the lawful evidence of title to property, to enable him to sell it, becomes an agent within the meaning of the .Factors' Act. (*N. Y. Security & Trust Co.* v. *Lipman*, 157 N. Y. 551.) Unknown reservations and limitations of authority are ineffectual to defeat the rights of an innocent pledgee. The statute would be shorn of much of its usefulness by any other construction. To give a narrow meaning to the words " every factor or other agent " would be to frustrate the very purpose sought to be accomplished by.its enactment, and to ignore the realities of business practice.

Plaintiff relies on the authority of *Green* v. *Wachs* (254 N. Y. 437). Neither the opinion of the court nor the briefs of counsel in the Court of Appeals refers to the Factors' Act. The argument in that court was confined to a very narrow question of evidence. I am inclined to the view that this case is not ruled by *Green* v. *Wachs* (*supra*). It is not to be assumed that the Court of Appeals intended to turn back the clock of progress in the law.

One more question remains to be decided. The defendant claims a lien for the amount of its advance " with legal pawnbroker's interest thereon." (General Business Law, § 46.) Under the Factors' Act (Pers. Prop. Law, § 43, subd. 3), the plaintiff, as the true owner of the ring, is entitled to his property " upon prepayment of the money advanced." I cannot add to the indemnity fixed by the statute.

Submit special form of decision and judgment.