Eventov Diamond Co., Inc., Plaintiff, *v.* Milton Weiss and Another, Individually, and as Copartners Doing Business under the Firm Name and Style of Weiss & Waldman, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, March 21, 1934.

*Panken & Levy [Mathew Levy of counsel], for the plaintiff.*

*Joseph L. Frieder [Ivan E. Maginn of counsel], for the defendants.*

Prince, J. This is an action in replevin to recover possession of certain diamonds from the defendants, Weiss & Waldman. On December 3, 1931, the plaintiff delivered to one Jacob Emshein, on memorandum, certain diamonds owned by it. On the same day Emshein, without the knowledge, permission or consent of plaintiff, sold these diamonds to the defendants. The defendants, believing Emshein to be the owner of the diamonds, paid him $529 for them. Emshein pocketed the proceeds and absconded.

The plaintiff learned of this transaction a day or two thereafter, and demanded from defendants the return of the diamonds. Defendants refused to return them, and plaintiff brought this action in replevin. On or about December 14, 1931, Emshein was indicted for grand larceny and was subsequently apprehended and pleaded guilty. On February 16, 1932, Emshein was brought before the Court of General Sessions for sentence. Sentence was suspended

and probation was conditioned upon restitution to be made by Emshein under the supervision of the probation department. The alleged amount of plaintiff's losses by reason of Emshein's conversion of the diamonds involved in this action and other diamonds belonging to plaintiff which Emshein disposed of elsewhere was $4,700. The arrangement for restitution by Emshein was as follows: $1,800 was paid immediately, and the balance of $2,900 at the rate of five dollars per week. Up to the time of the trial of this action, plaintiff had received a total of approximately thirty-five dollars from Emshein in addition to the $1,800 theretofore paid. The evidence is not conclusive as to whether this $1,835 paid by Emshein specifically included the three diamonds involved in this suit, or whether it was to be applied generally on account of all the diamonds unlawfully appropriated from the plaintiff by Emshein.

It is the claim of defendants that the payments made by Emshein were on account of the diamonds for which this action is brought, and that by accepting these payments the plaintiff confirmed and ratified the sale made by Emshein to the defendants. There are two questions to be decided: (1) Did the plaintiff in agreeing to accept payment in the form of restitution for the articles stolen by Emshein, part of which was paid in cash, ratify and confirm a sale to Weiss & Waldman? (2) Is the plaintiff estopped from pursuing any remedy against defendants Weiss & Waldman, by reason of its knowledge of the previous dishonesty of Emshein?

As to the second question, the court is of the opinion that the facts adduced at the trial are not sufficient to establish any estoppel of the plaintiff.

With regard to the first question, it is clear that under the memorandum agreement in this case, Emshein did not acquire title to the diamonds involved in this action, and, therefore, could not convey title to the defendants. (See *Green* v. *Wachs*, 254 N. Y. 437.) It, therefore, follows that the right to the possession of these diamonds was in the plaintiff at the time it commenced this action in replevin, before Emshein was apprehended or any restitution arrangement was made.

Nor can it be said that there was any subsequent ratification of Emshein's unlawful sale of the diamonds to these defendants unless it be found that the arrangement made in General Sessions for restitution to plaintiff was intended to pass title in the diamonds to Emshein. If title passed to Emshein on that occasion, then his prior acts were validated, and these defendants acquired good title and their right to possession is paramount. It seems equally clear that unless a sale of the diamonds to Emshein was intended at the time the arrangement for restitution was made, plaintiff must

recover in this action, because then plaintiff has never divested itself of either title or the right to possession. When Emshein pleaded guilty to the larceny of the diamonds, plaintiff had an election of two civil remedies against him. It could treat him as a purchaser, or it could recover from him damages sustained by it as a result of his tort. The loss sustained by plaintiff at the time Emshein undertook to make restitution was calculated at $4,700. It was not then anticipated that the loss would be reduced by plaintiff's subsequent recovery of some of the articles. The fact that plaintiff agreed to and did accept from Emshein payment by way of restitution does not, of itself and as a matter of law, establish an election to sell the diamonds to Emshein. If it now appears that plaintiff's loss was not as great as it was first supposed to be, that is a matter for adjustment between Emshein and plaintiff, and does not affect the legal right of plaintiff to reduce the loss by recovering the diamonds through legal process.

I find as a matter of law and fact that the acceptance by plaintiff of the sums paid to it by virtue of the arrangement made in the Court of General Sessions which formed the basis of restitution by Emshein in no way deprived plaintiff of its title and right to possession of the articles in question. I, therefore, render judgment for the plaintiff for the possession of said diamonds, or if possession cannot be had, plaintiff shall recover from defendants the sum of $529; ten days' stay.