LOUIS S. MIDLER, Plaintiff, *v.* CONTINENTAL INSURANCE COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, November 4, 1935.

*Goetz & Midler [Isador Goetz of counsel], for the plaintiff.*

*Louis Cohn, for the defendant.*

LEWIS (DAVID C.), J. On August 30, 1934, Pickoff Bros., dealers in jewelry, delivered to the plaintiff, an attorney, a Tiffany watch. The watch was not sold to the plaintiff, but was left with him pursuant to a regular printed memorandum prepared by Pickoff Bros., headed: "Report within five days. Memorandum." This writing specifically provided as follows: "N. B. These goods

are sent for your inspection, remaining the property of Pickoff Bros. and are to be returned to them on demand. Sale only takes effect from date of their approval of your selection, and until then these goods are subject to their order."

The plaintiff was the holder of a policy of insurance issued by the defendant, designated "Personal effects policy," which by its language gave the plaintiff insurance on "personal effects * * * belonging to and used or worn by the assured * * * against all risks of loss or damage to the insured property." This policy was in force and effect at all the times involved in this controversy.

On September 4, 1934, the plaintiff sustained the loss of the watch and now seeks to hold the defendant liable for such loss under the said policy. Up to the time of the loss, apparently no other transactions were had between the plaintiff and Pickoff Bros. Pickoff Bros. had not made any approval of plaintiff's selection. The watch had not been paid for by the plaintiff, and apparently no bill of sale or any other instrument had been sent it.

At the outset there are certain general pr'nciples that guide the court's consideration of the question.

Insurance is a contract of indemnity. A recovery upon it can only be had for a loss covered by it. The terms of the policy imit the liability to the property described and the events designated.

In the case at bar the policy insures the personal effects belonging and used or worn by the plaintiff, and covers "all risks of loss or damage to the insured property."

Determine the property included in this description and you decide the question presented. In this connection you will note that the policy distinctly stipulates that the property must belong to the insured and must be worn or used by him. If the property is simply used or worn by the insured, but does not belong to the insured, it is not covered by the policy.

The resemblance between this form of agreement or memoranda employed by Pickoff Bros. and the one considered by the Court of Appeals in the case of *Green* v. *Wachs* (254 N. Y. 437) warrants the belief that it has been modeled by the writing there passed upon by the Court of Appeals. This citation is a controlling precedent.

In the present case, title to the watch had never passed from Pickoff Bros. to the plaintiff. The only liability of the plaintiff was as a bailee and not as the owner.

The property, therefore, did not come within the terms of the policy, which restricts the risks to personal effects belonging to the plaintiff.

Judgment for the defendant. Ten days' stay.