In re CLARK SUPPLY CO., Inc.

HELLER v. JOURNAL CO.

No. 9600.

United States Court of Appeals
Seventh Circuit.

Jan. 18, 1949.

Victor M. Harding, Jr., Robert Harland, Reginald Kenney and Byron Hays, all of Milwaukee, Wis., for appellant.

Edmund B. Shea, Ralph M. Hoyt and S. R. Stroud, all of Milwaukee, Wis., for appellee.

Before KERNER and SPARKS, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Appellee, The Journal Company, filed a verified petition to recover possession of a motor generator set. The referee was of the opinion that the delivery of the generator by appellee to the bankrupt was a consignment for the purpose of sale within the meaning of § 241.26, Wisconsin Statutes 1945, and that the title to the generator was in the bankrupt. The District Court, on a certificate of review, held that the delivery of the generator was not for sale or consignment, and reversed the referee. From this order, the trustee in bankruptcy appeals.

It is not claimed that appellee did not establish clear title to the generator before it was delivered to the bankrupt. It must be conceded that appellee had clear title to the generator before it was delivered to the bankrupt. In such a situation the burden of proving that appellee was deprived of its title rested on appellant, or, as

is stated in 20 Am.Jur. p. 140: "It is incumbent upon one claiming a peculiar right, not common to all, given by a statute, which is given only when a prescribed state of facts exists, to show the existence of that state of facts."

In our case it appears that in January, 1947, appellee requested bankrupt to store a Model PE 81 D Serial No. 31 generator in its warehouse. The generator was stored in bankrupt's warehouse, but no tag or other identification medium was affixed to the generator to distinguish it as appellee's property, nor was any conditional sales contract or affidavit pertaining to the generator filed in the office of the register of deeds as provided by § 122.06 of the Wisconsin Statutes. After the generator was delivered to bankrupt, the bankrupt warehoused the generator with the St. Paul Terminal Warehouse and pledged the warehouse receipt issued by that company to secure a loan to bankrupt by Civic Finance Corporation. It also appears that before the generator was delivered to bankrupt it was agreed that while the generator was in bankrupt's warehouse appellee would endeavor to find a purchaser for the generator. Before the referee there was testimony given on cross-examination in answer to a hypothetical question that appellee would have accepted $3,000 for the generator, but there was no evidence that the bankrupt could sell the generator or that bankrupt had ever been appointed appellee's agent to sell or that it was authorized to sell the generator; hence there is no dispute or conflict on the question of whether the generator was consigned and delivered to the bankrupt for the purpose of sale.

In this state of the record, appellee's title to the generator was good not only as to the bankrupt, but also as against its creditors unless § 241.26 of the Wisconsin Statutes is applicable. That section provides:

"(1) Whenever goods, wares or merchandise are consigned and delivered to any person for the purpose of sale or merchandising, and the title thereto remains conditionally or unconditionally in the consignor the consignment agreement shall be in writing and filed in accordance with the provisions of sections 122.06, 122.11 and 122.14.

"(2) If a consignment agreement is not so made and filed, the title to any such goods, wares or merchandise shall be deemed to be in the consignee as to purchasers thereof and creditors of such consignee."

Appellant makes the point that when appellee delivered the generator to the bankrupt and failed to file a conditional sales contract or an affidavit pertaining thereto in the office of the register of deeds, § 241.-26 deprived it of its title to the generator. Appellant, however, cites no case and, so far as we have been able to learn, no cases have been found in Wisconsin interpreting that section.

On the other hand appellee argues that the statute does not cover all bailments; that the statute is limited to cases where delivery is for the purpose of sale or merchandising; that possession alone does not raise the statutory conditions, but that the person to whom property is delivered must have the power to sell the property to come within the purview of the Act.

The case of Lindner v. Winston, 151 Misc. 499, 270 N.Y.S. 829, 833, involved the applicability of an Act which provided that an agent intrusted with any merchandise for the purpose of sale, shall be deemed to be the true owner thereof, so far as to give validity to any contract made by such agent with any other person for the sale of such merchandise. The plaintiff, a diamond cutter, claimed that he was entitled to possession of a diamond obtained by defendant, who, by way of defense, set up that he acquired the diamond in the belief that one Tolkowsky had good title to the diamond. Prior to the time defendant received the diamond, Tolkowsky obtained it from plaintiff, its owner, pursuant to a memorandum signed by Tolkowsky whereby it was agreed that the diamond was returnable on demand and title should remain in plaintiff. Tolkowsky, to whom the diamond was intrusted, sold it to defendant who did not have notice of the agreement. In disposing of the case, the court considered the meaning of the words "for the purpose of sale" and held that since the memorandum did not give the agent the power to sell, the diamond was not intrusted to him "for the purpose of sale" within the meaning of the Act there involved. See

also California Jewelry Co. v. Provident Loan Ass'n, 6 Cal.App.2d 506, 45 P.2d 271.

We conclude that since the generator was not consigned and delivered to the bankrupt for the purpose of sale or merchandising, the District Court did not err in reversing the order of the referee. In reaching this conclusion we have not overlooked the case of Union Furniture Co. v. Goetz, 7 Cir., 67 F.2d 201. That case we think is inapplicable. It did not involve an interpretation of § 241.26. Moreover, the bankrupt in that case could sell the furniture consigned to it at any price and on such terms as it saw fit to do.

Affirmed.