PETER VERHEYLEWEGHEN, Plaintiff, *v.* EMANUEL KLEIN, Doing Business under the Name of CROWN DIAMOND COMPANY, Defendant.

Supreme Court, Trial Term, New York County, October 17, 1955.

*George M. Feigin* for plaintiff.

*David Davidoff* for defendant.

SCHREIBER, J. The plaintiff had been selling precious stones for thirty years. He was the owner of a loose diamond weighing 11.75 carats valued at $1,050 per carat, or a total of $12,357.50. For some time he had been doing business with the defendant and sold him diamonds. On or about November 27, 1952, the defendant took from plaintiff the above-described diamond. This stone was given to defendant and accepted by him pursuant to arrangements embodied in a paper writing which provided: "The merchandise described herein is delivered to you on memorandum only, at your risk of loss, or damage, by theft, robbery, fire or otherwise. Title to the said merchandise is and shall remain in P. Verheyleweghen and is held by the undersigned subject to the order of P. Verheyleweghen, the delivery thereof being for the purpose of inspection only, and is to be returned on demand". A further provision contained in this exhibit is " the undersigned has no right to transfer the said merchandise to any other person, firm or corporation, whether on memorandum or otherwise, without the written permission of P. Verheyleweghen."

The defendant, notwithstanding the memorandum approved by him, turned the stone over to one Leslie Jonap who signed a receipt showing that he was accepting same from defendant for examination and inspection, the diamond to remain the property of defendant until sold by defendant to said Jonap.

Delivery to Jonap was in direct violation of the terms under which defendant took the stone from plaintiff. Jonap's place was burglarized and the diamond was not returned to defendant. The plaintiff demanded the return of the diamond but defendant failed to return it or pay the value of same to plaintiff. Defendant urges that the custom of the trade was for dealers such as he to turn over to prospective purchasers diamonds taken on a memorandum such as used in this case.

Since the terms of the memorandum agreement are plain and unambiguous, proof of custom or usage and the alleged conversation between the parties, which would contradict or vary the terms of the agreement are inadmissible and are struck (*Green* v. *Wachs,* 254 N. Y. 437).

On or about the 21st day of November, 1954, the defendant filed in the United States District Court for the Eastern District of New York, a petition to be adjudged a bankrupt. This plaintiff's claim was listed. The defendant was duly discharged in bankruptcy and urges that the claim herein was thus discharged. The question in this case is whether this debt comes within the provisions of paragraph (2) of subdivision (a) of section 17

of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], par. [2]), which excepts from discharge provable debts which are " for willful and malicious injuries to the person or property of another ".

The defendant contends that the plaintiff has the burden of proving that the actions of defendant were willful and malicious and that this is not shown by a mere technical conversion. Mr. Justice McReynolds, in writing the opinion in *McIntyre* v. *Kavanaugh* (242 U. S. 138, affg. 210 N. Y. 175), said (p. 141): " To deprive another of his property forever by deliberately disposing of it without semblance of authority is certainly an injury thereto within common acceptance of the words." And further quoting from the decision in *Tinker* v. *Colwell* (193 U. S. 473): " ' In order to come within that meaning as a judgment for a willful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained. * * * A willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception.' " (See, also, *Brown* v. *Garey,* 267 N. Y. 167, and *Matter of Blauweiss,* 23 N. Y. S. 2d 907.)

The defendant is not released by the discharge in bankruptcy for it was his malicious and willful act in failing to retain the diamond in his possession that caused the injury.

The plaintiff is awarded judgment in the sum of $12,357.50, with costs. Settle judgment.