█ MEADOW BROOK NATIONAL BANK, Appellant, v. FEDERAL INSURANCE COMPANY et al., Respondents.— In a special proceeding pursuant to statute (CPLR 2606) to determine the respective rights of creditors to the proceeds ($34,877) of a burglary insurance policy which had been paid into court by the insurance company, the petitioner Meadow Brook National Bank, a judgment creditor of the insured, appeals from so much of an order of the Supreme Court, Nassau County, entered October 6, 1964, as directed the Treasurer of Nassau County (with whom the insurance proceeds had been deposited): (a) to make payment of the sum of $16,533.01 out of such proceeds to the claimant, District Director of Internal Revenue; and (b) to make payment of the sum of $12,141 out of such proceeds to the claimant Irving Friedman. Order, insofar as appealed from, affirmed, without costs. On June 8, 1963, the claimant, Irving Friedman (a jeweler), delivered to one Louis J. Goodkin two items of jewelry on memorandum, under which Friedman retained title to the jewelry pending payment therefor. Such payment was never made. On September 12, 1963 the bank obtained a judgment of some $57,000 against Goodkin and his wife. On September 30, 1963 the Goodkins were served with subpœnas in enforcement proceedings and restraining notices pursuant to the statute (CPLR 5222, subd. [b]). On November 13, 1963 the Goodkins' home was burglarized. Among other things, the said items of jewelry were stolen. The entire loss was covered by insurance. On December 6, 1963 the bank served a subpœna and restraining notice on the Goodkins' insurance company as a third party. On March 17, 1964 the United States Government served a levy on the Goodkins' insurance company for withholding taxes due. In our opinion, Special Term correctly held that: (1) the service of the subpœna and restraining notice on the third-party insurance company on December 6, 1963 was not sufficient under the statute (CPLR 5234, subd. [c]) to establish a prior lien as against the subsequent levy of the United States Government on March 17, 1964 in the absence of a turnover order obtained prior to the date of such levy; and (2) when Goodkin received the insurance proceeds (by deposit thereof with the Treasurer of Nassau County) which covered the jewelry owned by jeweler Friedman, that part of the proceeds representing the value of the jewelry was held by Goodkin in trust for Friedman. Before September 1, 1963 the statutory lien provided by section 799-a of the former Civil Practice Act arose by mere service on the third party of a subpœna in supplementary proceedings containing a restraining notice. However, the provisions of said section 799-a have been omitted from the CPLR. After September 1, 1963 priority as against a later levy is not gained merely by serving a subpœna containing a restraining notice, but is gained only when property is ordered to be delivered, paid or transferred to a receiver (CPLR 5234, subd. [c]). The contract of insurance obtained by the Goodkins also insured the property of Friedman in the exclusive possession of the Goodkins, and it was not necessary that Friedman should have given the Goodkins prior authority or sanction to

obtain such insurance (*Waring* v. *Indemnity Fire Ins. Co.*, 45 N. Y. 606). The insurance proceeds took the place of the stolen jewelry, to which Friedman concededly retained title (*Green* v. *Wachs*, 254 N. Y. 437). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.