DANIEL G. DORRANCE, Jr., Respondent, v. ROBERT J. DEAN et al., Appellants.

The factors' act (Chap. 179, Laws of 1830), was designed to protect persons dealing in good faith with the apparent owner of property; it does not apply where protection would secure to a wrong-doer the fruits of a fraud.

In an action for the conversion of a quantity of corn it appeared that plaintiff, who was the owner, consigned the corn to L. & Co., commission merchants, for sale. The latter delivered it to defendants, who advanced money on account of it. The court after charging that defendants could keep the corn as security for the money advanced, provided they did not at the time know that plaintiff was the owner, charged that if, on the other hand, they knew that L. & Co., were using plaintiff's property to raise money for themselves, they could not hold it, but stood in L. & Co.'s place. *Held*, no error.

(Argued May 12, 1887; decided June 7, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 10, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for the alleged conversion by defendants of a quantity of corn belonging to plaintiff.

The facts, so far as material, are stated in the opinion.

*Edward S. Hatch* for appellants. The plaintiff did not make out a case of conversion. (*Yeatman* v. *Sav. Inst.*, 95 U. S. 764; *Hull* v. *Carnley*, 11 N. Y. 501; *Goulet* v. *Asseler*, 22 id. 225; *Lewis* v. *Mott*, 36 id. 394, 401; *Talty* v. *Freedman's Sav'gs*, 93 U. S. 321, 324, 325.) The defendants took the title of the bank when they took up the notes. (*Stockbridge* v. *Schoonmaker*, 45 Barb. 100; *Evansville Bk.* v. *Kaufmann*, 93 N. Y. 273, 279; *Farmer's Bk.* v. *Lang*, 87 id. 209, 215; *Lewis* v. *Palmer*, 28 id. 271; *Havens* v. *Willis*, 100 id. 482, 490; *Townsend* v. *Whitney*, 75 id. 425, 430; *Commissioners* v. *Clark*, 91 U. S. 278, 286; *Cromwell* v.

*County,* 96 id. 51, 59 ; 1 Daniel on Neg. Instr. [3d ed.], 753, § 803; *Bumpus* v. *Platner,* 1 John. Ch. 213 ; *Wood* v. *Chapin,* 13 N. Y. 509 ; *Griffith* v. *Griffith,* 9 Paige Ch. 315.)

*H. Morrison* for respondent. Where goods are hypothecated by factors, persons with whom the transaction takes place, in order to ·bring themselves within the law of 1830 (chap. 179, § 3), must show that the money was advanced on the faith of possession or *indicia* of title. (*First Nat. Bk.* v. *Shaw,* 64 N. Y. 283; *Walther* v. *Wetmore,* 1 E. D. Smith, 71.) The common law has been ameliorated as to its unfair protection of the rights of the owner of personal property at the expense of injustice to the honest purchaser or bailee in the enactment of what is known to the law merchant as the factor and agent acts. (4 Ga. 4 Ch. 83, 1823 ; 5 id. 94, 1825 ; 1 R. S. 762, tit. 5, § 3 [2d ed.] 1832, adopting statute of 1830.) Before the enactment of the Factor's Act, commonly called in 1830, no claim could have been predicated upon an hypothecation, notwithstanding the utmost good faith on the part of the pledgee. (*Rodriguez* v. *Heffernan,* 5 Johns. Ch. 417.) When property passes from the agent to the bailee, and he knows the owner, the principal liabilities and rights attach to the relation of the ownership. (*Morrison* v. *Currie,* 4 Duer. 82; Paley on Agency, 369; Smith's Mer. Law, 66, 78, 79; Story on Agency, 266.) The Factors' Act was intended for the protection of third parties, who, in good faith, and in ignorance of any defect of title advance money and incur obligations, upon the faith of merchandise and the apparent ownership thereof by factors or agents who have been entrusted by the owners with the possession of, or with the documentary evidence of the title to property. (Factors' Act, 2 R. S. 1168, § 2 [Banks' ed.] ; *Howland* v. *Woodruff,* 60 N. Y. 73; 66 id. 113; *Covell* v. *Hill,* 6 id. 378; 3 Hun, 71.) Ignorance of the owner's title is an absolute element to protect the alleged purchaser or bailee. (*Howland* v. *Woodruff,* 60 N. Y. 73; *Covell* v. *Hill,* 6 id. 374; *Stevens* v. *Wilson,* 3 Denio, 472; 6 Hill, 312.) In trover for conversion

of goods shipped, the damage is the value of goods at time and place of conversion with interest, etc. (*Covell* v. *Hill*, 6 N. Y. 374.)

DANFORTH, J.   The plaintiff, being the owner of certain corn, alleged and proved that the defendants had converted it to their own use, to his damage $2,829.60.   The defendants at the time of the conversion, were warehousemen and bankers. They proved, in substance, that they received the corn from the firm of Littell & Co., commission merchants, advanced money to them on account of it, and insisted that they were entitled to hold the corn until this advance was repaid.   It appeared that the plaintiff had consigned the corn to Littell & Co. for sale.   They, therefore, had possession and were the apparent owners, and the trial judge charged the jury that the defendants could keep the corn as security for the money so advanced, provided they did not, at the time, know that the plaintiff was the owner of the corn ; on the other hand, if they knew that Littell & Co. were using the plaintiff's property to raise money for themselves, then the defendants could not hold the corn, and stood in Littell & Co.'s place.   To this part of the charge the defendants excepted.   It presents the only point in the case, and, to sustain it, the appellant's rely upon the " Factors' Act " (Laws of 1830, chap. 179).   That act was to protect persons dealing in good faith with the apparent owners of property, and has no possible application to a case where protection would secure to a wrong-doer the fruits of fraud.

Many other propositions have been argued for the appellants, but they are raised by no exception and are not warranted by any evidence to be found in the appeal book.

The trial judge in denying a new trial, and the General Term in affirming the judgment, properly disposed of the case.

The judgment and order appealed from should, therefore, be affirmed.

All concur.

Judgment affirmed.