MORRIS S. NELKIN, Respondent, *v.* PROVIDENT LOAN SOCIETY OF NEW YORK, Appellant.

(Argued October 5, 1934; decided November 20, 1934.)

*Neil P. Cullom* and *Frederick M. Schlater* for appellant.

*David Davidoff* for respondent.

CROUCH, J. The plaintiff, a dealer engaged in buying and selling jewelry and precious stones, delivered to one Moskowitz, another dealer in the same business, a diamond ring. At the time of such delivery Moskowitz signed the following memorandum: " These goods are sent for your inspection and remain our property and are to be returned to us on demand. Sale takes effect only from date of our approval of your selection."

Thereafter Moskowitz pledged the ring with the defendant as security for a loan of $125. The defendant acted in good faith and without notice of the plain-

tiff's claim of ownership. When demand was made by the plaintiff for the surrender of the ring, the defendant refused to give it up, unless paid the amount of its lien with legal interest. Thereupon this action was begun by a submission upon an agreed statement of facts to the Appellate Division. The plaintiff had judgment.

The decision of the case turns upon the question of whether the defendant may show by parol evidence that the diamond ring was in truth delivered to Moskowitz for the purpose of sale to such customer as he might find; that he might sell it to such customer; and that he was obligated merely to return the goods or the sum of money set forth in the memorandum. That such was the contract is stipulated in the agreed statement, subject to an objection by the plaintiff that the facts are inadmissible under the parol evidence rule.

If the true contract may be proved, it is clear enough that Moskowitz was an agent intrusted with the possession of merchandise for the purpose of sale, within the intendment of the Factors' Act (Pers. Prop. Law, § 43; Cons. Laws, ch. 41), and, therefore, that though he had no authority from his principal to pledge the merchandise (1 Williston on Sales [2d ed.], p. 728), his act is so far validated by the statute that the principal may reclaim it only upon payment to the pledgee of the sum advanced. (*Freudenheim* v. *Gütter*, 201 N. Y. 94.)

The claim of the defendant rests not at all upon any authority to pledge given to Moskowitz by his contract with the plaintiff, but solely upon the protection afforded it by the statute. It takes nothing under the contract either as party or as privy. In such case it is well settled that the parol evidence rule does not apply. (*Brown* v. *Thurber*, 77 N. Y. 613; *Folinsbee* v. *Sawyer*, 157 N. Y. 196.)

The decision of this court in *Green* v. *Wachs* (254 N. Y. 437) is pressed to our attention as holding to the contrary. The distinction between that case and this is clear. No claim to protection under the Factors' Act was made in

that case. The defendant asserted full title and the benefit of his bargain on the theory that the agent under his contract with the principal had complete authority to sell and pass title. That was the only issue at the trial. Concededly the defendant was claiming in privity with the agent. The offer of parol evidence was based solely on the contention that the contract under which the defendant asserted title was ambiguous. The court found no ambiguity. The offer was necessarily rejected under the general rule.

The further contention is made that Moskowitz obtained possession of the ring by common law larceny, and hence that the Factors' Act does not apply. The contention is without the shadow of support in the facts as stated.

The judgment should be reversed and judgment directed in favor of plaintiff, without costs, subject to the lien of defendant for $125, with interest thereon at six per cent from January 16, 1933.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur.

Judgment accordingly.