MORRIS H. MANN, Plaintiff, *v.* R. SIMPSON & Co., INC., Defendant.

First Department, June 29, 1939.

*Daniel Levy*, for the plaintiff.

*Joseph J. Zeiger* of counsel [*Zeiger & Berliner*, attorneys], for the defendant.

MARTIN, P. J. The plaintiff is a dealer in jewelry and the defendant is a licensed pawnbroker. On November 18, 1937, the plaintiff delivered to one Alfred M. Gouldon a diamond ring for which the latter signed a memorandum reading as follows:

" The undermentioned goods are for your examination at your risk, against Loss, Fire, Burglary or Theft, and remain the property of M. H. Mann and are to be returned to him on demand. None of them are sold, nor does the title thereto pass until we shall be apprised of your selection, and have rendered a bill of a sale therefor.

1 Round diamond Ring 5.63

For $2100.--"

Gouldon pledged the ring with the defendant for $1,000. An action in replevin was instituted by the plaintiff in the City Court of the city of New York. The defendant answered, claiming a pawnbroker's lien. That action has been discontinued. However, in this submitted controversy there is to be determined the admissibility of testimony establishing custom in the jewelry trade under which the memorandee, despite the memorandum, could sell the ring to such customer or customers as he might find therefor, being obligated to either return the ring, if unsold, or the amount of money mentioned in the memorandum. Paragraph 11 of the submission of controversy reads, in part, as follows:

" 11. It is and at all of the times mentioned herein was a general custom among jewelry dealers and in the jewelry trade in the City and State of New York, that jewelry delivered on memorandum and under memorandum, such as set forth in paragraph ' 8 ' herein, is delivered for the purpose of sale to such customer or customers as the deliveree may find and the deliveree has the right to sell such jewelry to such customer or customers, said deliveree being obligated to return the goods or the sum of money set forth in the memorandum. Such custom was at all of the times mentioned herein known to the plaintiff and the said Alfred M. Gouldon and the delivery of said diamond ring by the plaintiff as aforesaid was made in accordance with and pursuant to such custom and for the purpose of this stipulation the defendant's answer may be regarded as alleging such facts. The parties stipulate that the facts contained in this paragraph are true, but plaintiff makes the contention that solely because of defenaant's answer in the said City Court action, proof as to the said facts is incompetent under the Parol Evidence Rule and would be inadmissible by reason thereof as evidence on a trial under said pleadings in said action and the plaintiff therefore objects to such proof. In consequence plaintiff does not stipulate that these facts are to be considered in a decision of this case unless the Court determine that plaintiff's said objection to such proof is untenable. Defendant contends that such proof is admissible, notwithstanding the Parol Evidence Rule, under the defendant's answer because of the provisions of Section 43, Personal Property Law."

It is stipulated that if such testimony is admissible judgment is to be rendered for the defendant for $1,000, plus interest at the rate to which a pawnbroker is legally entitled. If the testimony is not admissible judgment is to be rendered for the plaintiff for the return of the ring or its value, with interest. There is, in reality, involved the rate of interest to which a pawnbroker is entitled when a factor pledges the property of his principal.

The plaintiff says that the defendant claims under the contract made between the plaintiff and Gouldon, which contract is not ambiguous, and, therefore, parol evidence of custom is inadmissible.

The defendant maintains that the allegation in its answer in the City Court action, claiming a pawnbroker's lien, is a mere conclusion of law which should be disregarded as surplusage, as the pleaded facts preceding the conclusion establish defendant's right to protection under the Factors' Act. It is argued that under the denials contained in the defendant's answer alone it was entitled to prove its protection under the Factors' Act and introduce the evidence of custom, despite the parol evidence rule, and it is further contended that plaintiff's argument that the allegation in the answer relied on by plaintiff deprived it of the protection of the holding in *Nelkin* v. *Provident Loan Society* (265 N. Y. 393) overlooks the very language of the Factors' Act and misconstrues the *Nelkin* case.

Section 43 of the Personal Property Law (Factors' Act) reads as follows:

" 1. Every factor or other agent, entrusted with the possession of * * * any merchandise for the purpose of sale, * * * shall be deemed to be the true owner thereof, so far as to give validity to any contract made by such agent with any other person, for the sale or disposition of * * * such merchandise, for any money advanced * * * upon the faith thereof."

The Factors' Act creates rights where rights did not previously exist at common law. One dealing with a factor or agent who goes outside the scope of his specific authority obtains a qualified or limited title which would not have been acquired in the absence of the statute, and, where an innocent party has presumed to purchase or to lend money on the security of the merchandise, such innocent party may not retain the merchandise even though he bought or loaned on the security thereof. The most that may be claimed is the protection under the Factor's Act for the return of the sum with which the innocent party parted.

In *Nelkin* v. *Provident Loan Society (supra)* it is clear that the defendant there was held entitled to its lien because of the Factors' Act and not as a pawnbroker under the common law. The decision

awarded judgment to the defendant for the sum advanced, with interest at six per cent. The direction that the interest was to be computed at the rate of six per cent is significant and makes it clear that the lien given to the defendant was a lien under the Factors' Act, as otherwise the defendant would have been entitled to its lien plus interest at the rate to which a pawnbroker is lawfully entitled.

If the defendant is entitled to a lien because of the Factors' Act it is bound by the agreement which created its privy a factor and may not introduce parol evidence to vary that agreement. The factor himself could not introduce parol evidence, and the defendant, in privity to the factor, has no greater right than the factor himself.

If the defendant insists on a lien as a pawnbroker, any such lien would be the result of the common-law relationship of the parties and parol evidence may not be introduced with reference to the unambiguous agreement. (*Green* v. *Wachs*, 254 N. Y. 437.)

Judgment should be directed in favor of the plaintiff for the return of the ring or its value, $2,100, with interest, but without costs.

TOWNLEY and CALLAHAN, JJ., concur; O'MALLEY and COHN, JJ., dissent.

O'MALLEY, J. (dissenting). Plaintiff is a dealer in jewelry and precious stones; defendant is a licensed pawnbroker. The controversy submitted involves the rights of the parties with respect to a ring owned by plaintiff and pledged with defendant as security for a loan of $1,000 by one Gouldon, another dealer in jewelry, to whom plaintiff had delivered it on the following memorandum: " The undermentioned goods are for your examination at your risk, against Loss, Fire, Burglary or Theft, and remain the property of M. H. Mann and are to be returned to him on demand. None of them are sold, nor does the title thereto pass until we shall be apprised of your selection, and have rendered a bill of a sale therefor."

The advance by defendant was made in the regular course of business in good faith and without notice of plaintiff's claim of ownership.

Before this submission of controversy was agreed upon plaintiff sued in replevin in the City Court of the City of New York. The action was thereafter discontinued, but the pleadings in the action are submitted as a part of the agreed statement.

While it is agreed that the written memorandum is unambiguous, it is, nevertheless, stipulated that the ring was delivered by plaintiff to Gouldon pursuant to a general custom known to plaintiff and Gouldon for the purpose of sale. It is contended by plaintiff that, in view of the particular form which defendant's answer has taken,

evidence of this custom is not admissible to vary the terms of the memorandum. In view of this contention the submission provides: "plaintiff does not stipulate that these facts are to be considered in a decision of this case unless the Court determine that plaintiff's said objection to such proof is untenable."

Defendant, on the other hand, contends that evidence of this conceded custom is admissible notwithstanding the written memorandum and that such evidence is admissible under its answer. The agreed statement provides that the question of admissibility of the custom, as presented by paragraph 11 of the submission, "shall be determined as though in an action at issue upon the said pleadings, as deemed amended by paragraph '11' hereof." This paragraph and the stipulation amend the answer only to the extent that the pleading is to be regarded as alleging that delivery of the ring by plaintiff to Gouldon was made in accordance with the conceded custom known to both.

The particular allegations of defendant's answer which plaintiff claims determine the admissibility of the evidence of the custom to which defendant asserts it is entitled to have considered is "that defendant still holds the said ring as security for the said loan, and that this defendant has a pawnbroker's lien thereon for the said sum of $1,000 with interest at pawnbrokers' rates from November 29, 1937," the latter being the date the ring was pledged. It is further agreed that, if judgment is granted to defendant, such judgment should provide for "a lien upon the said ring for the sum of One Thousand ($1000.00) Dollars from November 29, 1937, with interest thereon at the rate of two (2%) percent per month for the first six (6) months of said loan and at the rate of one (1%) percent per month for each succeeding month."

Plaintiff urges that by reason of the above allegations in the answer and the provision in the agreed statement of facts last above quoted, defendant is claiming a lien under the pawnbroker's law and is not claiming or asserting rights under the Factors' Act. (Pers. Prop. Law, § 43.) This statute provides: "1. Every factor or other agent, entrusted with the possession of * * * any merchandise for the purpose of sale, * * * shall be deemed to be the true owner thereof, so far as to give *validity to any contract* made by such agent with any other person, for the sale or disposition of * * * such merchandise, for any money advanced * * * upon the faith thereof." (Italics ours.)

It is the position of plaintiff that inasmuch as the memorandum is concededly unambiguous, evidence of the custom is admissible only under the exception to the parol evidence rule which permits a third party, not a party to the instrument or claiming thereunder, to offer evidence to vary or contradict the writing. It is asserted

that defendant is not such a third party but a party in privity with the plaintiff and claiming under the latter's contract with Gouldon.

Defendant, on the other hand, contends that the allegations of defendant's answer, upon which plaintiff relies to deprive it of the protection of the Factors' Act, may be disregarded as an unnecessary legal conclusion, as the facts pleaded, including the denials, establish its right to such protection and its right to introduce parol evidence; and further that defendant is entitled to claim under the Factors' Act even though it asserts, in addition, to be entitled to the full benefit of the pawnbroker's agreement.

Plaintiff's chief reliance is upon *Green* v. *Wachs* (254 N. Y. 437). In that case the plaintiff, a jeweler, delivered a diamond to a dealer customer under a written agreement similar to the one under consideration. It was there held that as the memorandum was clear on its face, parol evidence was not admissible to show either a custom in the trade or a regular course of dealings between the parties.

On first consideration the case would seem to be determinative of this submission. However, the Court of Appeals itself, in a later decision, so far as the present situation is concerned, distinguished it and restricted its principle to the particular facts. (*Nelkin* v. *Provident Loan Society*, 265 N. Y. 393.)

That case also arose upon a submission practically the same as here, also involving a pawnbroker defendant. The Court of Appeals held that upon the facts the Factors' Act applied and parol evidence was admissible. With respect to *Green* v. *Wachs* (*supra*) it was stated that no claim to protection under the Factors' Act had been made in that case, but the defendant there had asserted full title on the theory that the agent under his contract with the principal had complete authority to sell. It was stated (p. 397): " That was the *only* issue at the trial. *Concededly* the defendant was claiming in privity with the agent. The offer of parol evidence was based *solely* on the contention that the contract under which the defendant asserted title was ambiguous. The court found no ambiguity. The offer was necessarily rejected under the *general* rule." (Italics ours.)

Here the defendant does not assert full title or contend that the agent had complete authority from the principal to sell under common-law principles.

The allegations of the answer set forth, in connection with the denials, sufficient facts to show that the Factors' Act should apply. The mere fact that in words the defendant claimed in its answer " a pawnbroker's lien * * * with interest at pawnbrokers' rates " does not change the situation. As already noted, the

Personal Property Law provides that a factor or agent intrusted with the possession of merchandise for the purpose of sale shall be deemed to be the true owner " so far as to give *validity* to *any* contract made by such agent with any other person." (Italics ours.)

A licensed pawnbroker is engaged in a legitimate business and entitled to receive interest over and above the usual legal rate. (*Freudenheim* v. *Gütter,* 201 N. Y. 94, 104.) The pawnbroker's contract, therefore, being given validity under the Factors' Act, a pawnbroker is entitled to pawnbrokers' interest.

That question, however, is not squarely before the court for the reason that, as already stated, it is stipulated that, if the parol evidence rule does not apply, the defendant is entitled to its advance together with pawnbrokers' interest.

It is to be noted, moreover, that in *Freudenheim* v. *Gütter* (*supra*) the record on appeal discloses that the answer of the defendant pawnbroker likewise demanded interest according to the rates set forth in the pawnbroker's tickets. In granting a new trial the Court of Appeals placed no restriction upon the defendant's recovery of interest, either under pawnbrokers' rates as evidenced by the pawn tickets, or as to the ordinary legal rate. If neither could be recovered with the advances, the court, it seems to us, surely would have so indicated for the guidance of the court on the new trial.

The provision in subdivision 3 of section 43 of the Personal Property Law that the true owner may receive his property " upon prepayment of the *money advanced* " does not militate against the allowance of interest in a case where, unlike the present one, interest is not stipulated. It would seem that the purpose of the language quoted is merely to prevent transfer of title in case of a purported sale by the defaulting agent. It grants a purchaser of full title merely a restoration, but does not allow him to retain title if the true owner deems it advisable to refund the amount received. That some interest is allowable and the recovery not restricted to the bare amount of the actual advance is shown by the fact that interest was allowed in *Nelkin* v. *Provident Loan Society* (*supra*).

It follows, therefore, that judgment should be directed for the defendant for the sum of $1,000, with interest from November 29, 1937, at the rate of two per cent per month for the first six months of said loan and at the rate of one per cent per month for each succeeding month, but without costs.

Cohn, J., concurs.

Judgment directed in favor of plaintiff for the return of the ring or its value, $2,100, with interest, but without costs. Settle order on notice.