MORRIS H. MANN, Appellant and Respondent, *v.* R. SIMP-
SON & CO., INC., Respondent and Appellant.

Argued May 29, 1941; decided July 29, 1941.

*Daniel Levy* for plaintiff, appellant and respondent. The Factors' Act creates a statutory lien only to the extent of the amount parted with plus interest at six per cent per annum. (*Green* v. *Wachs*, 254 N. Y. 437; *Nelkin* v. *Provident Loan Society*, 265 N. Y. 393.) The claim of protection under the Factors' Act must be affirmatively pleaded as a defense. (*Weaver* v. *Barden*, 49 N. Y. 286; *Thorer & Hollander, Inc.*, v. *Fuchs*, 241 App. Div. 359.) The defendant did not assert a lien under the Factors' Act but asserted a pawnbroker's lien. (*Lafrinz* v. *Whitney*, 233 N. Y. 107; *Maynard* v. *Anderson*, 54 N. Y. 641.)

· *Joseph J. Zeiger, Ephraim Berliner* and *Michael Rechler* for defendant, respondent and appellant. Defendant's answer read as a whole clearly makes claim to protection under the Factors' Act (Pers. Prop. Law, § 43; Cons. Laws, ch. 41) and entitles defendant to offer proof of such claim. (*Feinberg* v. *Allen*, 208 N. Y. 215; *Oakland Mfg.* v. *Linde Co.*, 162 App. Div. 543; *Spooner* v. *Cummings*, 151 Mass. 313; *Freudenheim* v. *Gutter*, 201 N. Y. 94; *Nelkin* v. *Provident Loan Society*, 265 N. Y. 393; *City of New York* v. *Citizens' Water Supply Co.*, 204 App. Div. 783; 237 N. Y. 587; *Chatfield* v. *Simonson*, 92 N. Y. 209; *Wood* v. *Lady Duff-Gordon*, 222 N. Y. 88; *Hewitt* v. *Farmers' Loan & Trust Co.*, 204 App. Div. 797; *Brick* v. *Cohn-Hall-Marx Co.*, 283 N. Y. 99; *Carter, Macy Co.* v. *Matthews*, 220 App. Div. 679; *Schenck* v. *State Line Tel. Co.*, 238 N. Y. 308; *Neva-Wet Corp.* v. *Never Wet Processing Corp.*, 277 N. Y. 163.)

CONWAY, J. The case comes to us after a submission of controversy to the Appellate Division, first department. The terms of the submission are so involved that it is necessary to discuss them more fully than would be otherwise required.

The plaintiff was a dealer engaged in buying and selling jewelry and precious stones in New York city. The plaintiff delivered to one Gouldon, similarly engaged, a diamond ring of the value of $2,100, of which the plaintiff was the owner. At the time of the delivery Gouldon signed a

memorandum addressed to the plaintiff and reading as follows: " The undermentioned goods are for your examination at your risk, against Loss, Fire, Burglary or Theft, and remain the property of M. H. Mann and are to be returned to him on demand. None of them are sold, nor does the title thereto pass until we shall be apprised of your selection, and have rendered a bill of a sale therefor." Later Gouldon pledged the ring with the defendant, a licensed pawnbroker of the city of New York, which loaned to Gouldon on the security of the ring, in good faith, without notice of plaintiff's claim of ownership of the ring, upon faith of the possession of it by Gouldon and in the regular and usual course of its business, the sum of $1,000 and delivered to Gouldon the usual memorandum known as a pawn ticket, providing for redemption upon payment of the loan with the regular pawnbroker's interest of two per cent per month for the first six months and one per cent per month thereafter.

Thereafter plaintiff commenced an action in the City Court of the City of New York, which has since been discontinued. The complaint and the answer in that action are attached to the Submission of Controversy, made a part of it and amended by it. The question of admissibility of evidence, presented for our consideration by paragraph " 11 " of the Submission and the pleadings, as amended thereby, is to be determined as though in an action at issue.

The complaint, which was in replevin, alleged that the plaintiff was the owner and entitled to the immediate possession of the ring; that on the 7th day of February, 1938, the defendant was in possession of it; that on that day plaintiff made a demand for the immediate possession but the defendant refused and continues to refuse to deliver and wrongfully withholds possession of the ring from the plaintiff; that the ring on that date was worth $2,100, and that the withholding resulted in damage of $250 to the plaintiff. The matter of the damage has been withdrawn from the controversy.

The answer of the defendant consisted of general denials and a separate defense. The separate defense alleged that on November 29, 1937, a certain ring was pawned with the defendant as pawnbroker by a person who was then in possession thereof, and who was either the owner thereof, or entrusted by the plaintiff with the possession thereof *for the purpose of sale,* as security for a loan then made in the sum of $1,000 with interest thereon at pawnbroker's rates and that the defendant in good faith, upon that security, delivered its pawn ticket representing such security and advanced the sum of $1,000.

We now come to the amendment of the answer by paragraph " 11 " of the Submission:

" 11. It is and at all of the times mentioned herein was a general custom among jewelry dealers and in the jewelry trade in the City and State of New York, that jewelry delivered on memorandum and under memorandum, such as set forth in paragraph ' 8 ' herein, is delivered for the purpose of sale to such customer or customers as the deliveree may find and the deliveree has the right to sell such jewelry to such customer or customers, said deliveree being obligated to return the goods or the sum of money set forth in the memorandum. Such custom was at all of the times mentioned herein known to the plaintiff and the said Alfred M. Gouldon and the delivery of said diamond ring by the plaintiff as aforesaid was made in accordance with and pursuant to such custom and for the purpose of this stipulation the defendant's answer may be regarded as alleging such facts. The parties stipulate that the facts contained in this paragraph are true, but plaintiff makes the contention that solely because of defendant's answer in the said City Court action, proof as to the said facts is incompetent under the Parol Evidence Rule and would be inadmissible by reason thereof as evidence on a trial under said pleadings in said action and the plaintiff therefore objects to such proof. In consequence plaintiff does not stipulate that these facts are to be considered in a decision of this case unless the Court determine that plaintiff's said objection to such

proof is untenable. Defendant contends that such proof is admissible, notwithstanding the Parol Evidence Rule, under the defendant's answer because of the provisions of Section 43, Personal Property Law. If plaintiff's said objection to admissibility of such proof is sustained, judgment should be rendered for the plaintiff as set forth in the last paragraph hereof. If such objection is overruled, judgment should be rendered for defendant as set forth in the last paragraph hereof."

The answer concluded with the following paragraph and demand:

" 7. That no part of the said loan has been repaid to the defendant, nor its said pawn ticket therefor returned to defendant, and that defendant still holds the said ring as security for the said loan, and that this defendant has a pawnbrokers' lien thereon for the said sum of $1,000 with interest at pawnbrokers' rates from November 29th, 1937.

" WHEREFORE defendant demands judgment dismissing the complaint herein, together with the costs and disbursements of this action."

The Submission contains the concession that the memorandum agreement between plaintiff and Gouldon as set forth in paragraph " 11 " thereof is unambiguous and then provides that the parties exclude from the consideration of the court any omission on the part of the plaintiff to make any money tender to the defendant before the commencement of the City Court action or the Submission and any question of demand by plaintiff upon defendant for the ring involved and any question of refusal of defendant to comply with the demand.

The question for decision comes to this: If in its answer the defendant sought to defeat plaintiff's cause of action by relying upon a pawnbrokers' lien, plaintiff is entitled to recover because then defendant would be relying upon the agency of Gouldon and would be bound by the memorandum agreement between plaintiff and Gouldon. Defendant would then be seeking the " benefit of its bargain." Gouldon was not authorized to pledge and defendant could

not vary the terms of the memorandum agreement signed by Gouldon.

If on the other hand defendant by its answer sought to obtain the benefit of section 43 of the Personal Property Law (Cons. Laws, ch. 41), entitled " Factors' Act," then it would be claiming an advantage conferred by statute and not under the memorandum agreement between plaintiff and Gouldon. The parol evidence rule would then not be applicable and defendant could obtain a dismissal of plaintiff's complaint under the terms of the submission. (*Nelkin* v. *Provident Loan Society*, 265 N. Y. 393.)

It is provided in the first subdivision of the Factors' Act, Personal Property Law, section 43, that every factor or other agent, entrusted with the possession of any merchandise for the purpose of sale, shall be deemed to be the true owner thereof " so far as to give *validity* to *any contract* made by such agent with any other person * * * for any money advanced * * * upon the faith thereof." Subdivision 3 provides that nothing contained in the preceding subdivisions shall be construed to prevent the true owner of any merchandise from demanding or receiving it upon *prepayment* of the money advanced.

Returning now to the answer, the answer pleads that the ring was pawned by one who was entrusted by the plaintiff with the possession of the ring for the purpose of sale and that the ring was pawned as security for a loan made (this latter was the *contract* " made by such agent with any other person," to which *validity* was given by the statute). It was, up to that point, a clearly worded pleading which brought the defendant within the benefits accorded by the Factors' Act. Has the defendant lost those benefits and has he changed his pleading entirely by adding to that statement in paragraph fifth of his answer that the loan of $1,000 was " with interest thereon at pawnbrokers' rates " and that upon the security of the ring defendant delivered to the pledgor its pawn ticket and advanced the sum of $1,000? Going one step further, has the defendant lost the benefits accorded by the Factors' Act because he added the

7th and " Wherefore " paragraph of his answer quoted *supra?*

A decision of that question, apart entirely from rules of pleading, requires a consideration of subdivisions 1 and 3 of the Factors' Act. We read them to mean this: One such as Gouldon who has been entrusted with the possession of a ring for the purpose of sale shall be deemed to be the true owner thereof so far as to give *validity* to *any lawful contract* made by Gouldon with any person for money advanced upon the ring. That means that when Gouldon entered into a contract with the pawnbroker defendant, that contract had *validity* whether it gave a pawnbrokers' lien with pawnbrokers' rates of interest or whether there were other and different provisions in it. *Validity* was given to that contract and the defendant may hold the ring under that valid contract and *enforce it* as against all except the true owner. As to the true owner it is a valid contract but he has a right not given to any one else. The contract between Gouldon and the defendant is still valid but it is not enforceable against the true owner if the latter takes advantage of subdivision 3 of the Factors' Act and, " upon prepayment of the money advanced," demands the return of the ring. It would be valid and enforceable even against the true owner if he failed to make " prepayment " within a reasonable time after knowledge of the contract.

There has been no " prepayment " here. The parties in the Submission have excluded from the consideration of the court " any omission on the part of the plaintiff to make any money tender to the defendant before the commencement " of the City Court action. If the omission of tender, which we assume means " prepayment," is excluded, that which is excluded is the " omission." Therefore, it was not made but we are not to consider that fact. There has thus been no tender or prepayment and subdivision 3 of the Factors' Act, Personal Property Law, section 43, is excluded from our consideration.

That leaves us concerned only with subdivision 1 of the Factors' Act. Under that, defendant holds under a valid pawnbroker's contract with pawnbrokers' interest rates. It is incorrect to speak of a factors' lien here. Defendant holds under the contract he made and to that the Factors' Act has given validity. The pleading of defendant was meticulously correct. It pleaded the ultimate facts to bring it within the provisions of the Factors' Act and then carefully set up the terms of the contract which it had made with Gouldon and to which *validity* had been given by the terms of the Factors' Act. Defendant was not claiming a pawnbrokers' lien except as that was given to it by reason of the fact that it had entered into a contract with Gouldon for a pawnbroker's lien, which, in turn, was made valid by the terms of the Factors' Act. The Factors' Act by statute made valid a contract which without such act would have been invalid because the agent had breached the authority conferred upon him by his principal. That contract, whatever it was, whether for a pawnbroker's lien or for something else, was made valid by the Factors' Act and it was perfectly proper, if not necessary, to set it out in the answer.

In *Green* v. *Wachs* (254 N. Y. 437) no claim to protection under the Factors' Act was made, as was pointed out in *Nelkin* v. *Provident Loan Society* (265 N. Y. 393). The answer in the *Green* case shows that claim was made under the original agreement and a general custom. The seventh and eighth paragraphs of the *Green* answer were as follows:

" *Seventh.* Upon information and belief that the plaintiff has been in the diamond and the jewelry business for a number of years, and that there is a general custom among the diamond merchants of the City of New York that when any diamonds or jewelry are delivered to any person on memorandum under a form of memorandum usually used by diamond merchants and which was used by the plaintiff when he delivered the said property to the said Vollman; that the person to whom said property is delivered on memorandum

is clothed with authority and has the right to convey title to said property.

" *Eighth.* That said general custom has been in existence for a long time, and that said article was delivered by the plaintiff to said Vollman under said general custom with the right in said Vollman to convey title to said property, and that said Vollman did convey title to said property mentioned in the complaint."

Clearly what was sought was the " benefit of the bargain," upon assertion of full title.

As to the judgment which should be granted, the 15th paragraph of the Submission of Controversy provides:

" 15. Wherefore, plaintiff and defendant submit their controversy depending upon the foregoing facts to this Honourable Court for judgment in favor of the plaintiff, without costs, for the return of the said diamond ring or its value of Twenty-One Hundred ($2100.00) Dollars, with interest on Twenty-One Hundred ($2100.00) Dollars at six (6%) percent per annum, to the date of such return or payment, or for judgment in favor of the defendant, without costs, adjudging that it has a lien upon the said ring for the sum of One Thousand ($1000.00) Dollars from November 29, 1937, with interest thereon at the rate of two (2%) percent per month for the first six (6) months of said loan and at the rate of one (1%) percent per month for each succeeding month."

The Submission provides for the judgment and courts will not go beyond a stipulation, which makes the law of the case in which it is made. (*Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447, 452, 453.) There it was said: "* * * But the agreement of the parties bound them and concluded the court in that proceeding, and the court was bound as between the parties to observe, enforce and carry out the agreement. Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights." (See, also, *Matter of Malloy*, 278 N. Y. 429, 433.)

The judgment of the Appellate Division should be reversed, without costs, in accordance with the terms of the Submission of Controversy, and judgment directed in favor of the defendant adjudging that it has a lien upon the ring for the sum of $1,000 from November 29, 1937, with interest thereon at the rate of two per cent per month for the first six months of the loan and at the rate of one per cent per month for each succeeding month.

That judgment is directed only because of the terms of the Submission of Controversy. Under the complaint and answer as amended there should be merely a dismissal of the complaint since no affirmative adjudication was requested by defendant. Under subdivision 3 of the Factors' Act the defendant would be entitled to " prepayment " with six per cent interest from the date of the advance of moneys, provided plaintiff acted within a reasonable time after knowledge. Under the terms of the Submission, however, we are required to give the judgment indicated upon our determination that defendant's contention is correct that proof of the facts set forth in paragraph 11 of the Submission and the pleadings, as amended, is admissible " notwithstanding the parol evidence rule, under the defendant's answer because of the provisions of section 43, Personal Property Law." The Submission further provides: " If such objection is overruled, judgment should be rendered for defendant as set forth in the last paragraph hereof." The paragraph referred to by the word " hereof " is paragraph 15 quoted in full, *supra*.

Plaintiff appeals, by cross-appeal, from so much of (1) the judgment entered on the order for judgment of the Appellate Division which was entered June 29, 1939, as fails to award to the plaintiff interest on $2,100 from February 7, 1938, and (2) from an order of the Appellate Division entered November 17, 1939, which denied plaintiff's motion to resettle the order for judgment of the Appellate Division so as to provide for interest from February 7, 1938.

On plaintiff's appeal: The appeal should be dismissed, without costs.

On defendant's appeal: The judgment of the Appellate Division should be reversed, without costs, and judgment directed in favor of the defendant in accordance with this opinion.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur; LOUGHRAN, J., dissents.

Judgment accordingly.