THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MORRIS ROSENFELD, Defendant.

Court of General Sessions of the County of New York, November 15, 1948.

*Frank S. Hogan, District Attorney* (*Julius S. Impellizzeri* of counsel), for plaintiff.

*Emanuel Rosenberg* for defendant.

STREIT, J. This is an application for an order permitting an inspection of the grand jury minutes and for a dismissal of the indictment.

Under the first count of the indictment the defendant is charged with the crime of grand larceny in the first degree in that, on or about May 17, 1948, by means of false and fraudulent representations and with criminal intent, he stole $2,000 from the complainant, Nina Kaye, by falsely representing that he had purchased a certain mink coat and was the lawful owner of said mink coat, knowing that said representations were false at the time they were made; whereas in truth and in fact, the defendant had not purchased the said mink coat and was not the lawful owner thereof.

Under the second count of the indictment, the defendant is charged with the crime of grand larceny in the first degree in that, on or about May 17, 1948, with criminal intent, he stole property owned by Nina Kaye, Charles Morrison and Abraham Dietz.

The undisputed facts are that this defendant received the mink coat in question from Charles Morrison and Abraham Dietz, copartners doing business as A B C Furs, " on memorandum " on or about May 13, 1948. The memorandum agreement recites: " The merchandise described herein is consigned on memorandum only. It is received by the consignee upon the express agreement that title to the merchandise and to the proceeds thereof to the extent of the within invoiced prices shall be and remain in the consignor until the actual payment of the invoice prices."

After that date, the complainant (the purchaser) contracted to buy the coat from the defendant (the consignee) and gave him the sum of $2,000 in cash in full payment for the completed coat. The consignee and the purchaser then together went to the consignor's place of business, who agreed to alter and line the coat to fit and suit the purchaser, who was to pick it up upon completion of the alterations. At that time and on May 18, 1948, the consignee paid to the consignor the sum of $450 in cash and received a receipt as follows:

" May 18, 1948

" Received from Lou Rosenfeld dep. $450.00 on mink coat. Bal. $1900.00 A B C Furs

CHARLES MORRISON "

Thereafter the coat was altered and completed by the consignor. The purchaser called for the coat but the consignor refused to turn it over to the purchaser.

It is the contention of the defendant that he was the authorized agent of the consignor and had the right, authority and legal power to make a disposition of and sell the mink coat; that the purchaser obtained good title to the mink coat, is entitled to the possession thereof, and that the seller has no right to retain the property (citing section 43 of the Personal Property Law and *Mann* v. *Simpson & Co.,* 286 N. Y. 450, wherein the court held, at page 457: " One such as Gouldon who has been entrusted with the possession of a ring for the purpose of sale shall be deemed to be the true owner thereof *so far as to give validity to any lawful contract made by Gouldon with any person for money advanced upon the ring."* Italics supplied.)

Whether the purchaser in the instant case received a valid and enforcible title as against the consignor, is not before me and need not be decided here.

The defendant in this case is charged with obtaining property by false and fraudulent pretenses. If that be so, the " Factors' Act " does not apply; nor does that act apply in a case where the consignor accuses the consignee of misappropriating the consignor's property. The Factors' Act was designed to protect persons dealing in good faith with apparent owners of property and can have no application to a case where protection would secure to a wrongdoer the fruits of fraud (*Dorrance* v. *Dean,* 106 N. Y. 203).

The defendant further contends that the complainant knew that he was not the owner of the mink coat; that he did not make any false representations and that he had no criminal intent. The burden of proof is upon the People to show that the defendant made such representations; that they were false; that the defendant knew they were false; that the complainant relied on such false representations when she parted with her $2,000 and that such false representations were made with the felonious intent of depriving and defrauding her of her money. All these are questions of fact to be decided by a jury.

On the question of criminal intent, it is significant that the memorandum agreement shows that the defendant agreed to pay the sum of $2,350 for this mink coat and sold it to the complainant for the sum of $2,000 in cash.

The motion for an inspection and dismissal of the first count is denied.

The second count, however, fails to spell out the crime of grand larceny in the first degree, hence as to the second count, the motion to dismiss is granted.