Cohit, J.
(dissenting). The action was brought by plaintiffs to require defendant to account for all the assets of a trust created by virtue of the written agreement dated December 31, 1941, wherein it was agreed that plaintiffs and defendant would share the profits to be earned from the manufacture and sale of a flame thrower invented by defendant and promoted by plaintiffs; that Beattie Manufacturing Company was to receive 50% of the profits as its share *751 for manufacturing the device and the other half was to be divided 45% to defendant, 35% to plaintiff Pines and 20% to plaintiff Levine.
The complaint prayed that defendant be removed as trustee; that a substitute be appointed in his place; that he be restrained from any interference with the assets of the trust; and that he be directed to execute any and all papers and documents necessary to protect the trust estate and the interest of the plaintiffs.
In their pleading plaintiffs allege due performance of the contract on their part but that defendant violated his obligations and refused to carry out his duty as a trustee. Defendant admitted the allegations of the complaint but relied upon two counterclaims in which he asked that the contracts in suit be rescinded or reformed for fraud. He claimed that a writing dated December 4, 1941, did not correctly set forth the terms of the contract between the parties as orally agreed upon; nor did the later agreement entered into on December 31, 1941, effectively bind defendant because plaintiffs had represented to defendant that the writing was merely a formality to enable them to negotiate the contract with Beattie Manufacturing Company, the concern which was to manufacture the flame thrower; that it would not be binding upon defendant and that a subsequent arrangement satisfactory to defendant would be worked out.
At the commencement of the trial defendant made a stipulation in open court admitting all the allegations of the complaint and agreed that if he did not' establish his counterclaims, plaintiffs would be entitled to judgment as prayed for. Upon the evidence, the trial court decided that defendant had failed to sustain his counterclaims and dismissed them upon the merits. Defendant has not appealed and is bound by the judgment.
In the circumstances of this case the trial court was concluded by agreement of the parties. Stipulations made by parties for the government of their conduct or the control of their rights in the trial of a cause or the conduct of litigation must be enforced by the courts. (Matter of New York, Lackawanna & Western R. R. Co., 98 N. Y. 447, 453; Mann v. Simpson & Co., 286 N. Y. 450, 459; Matter of Malloy, 278 N. Y. 429, 433.) Such stipulations, provided they contravened no rule of morals or public policy, are binding upon appellate courts as well as upon the trial court. (Hine v. New York Elevated R. R. Co., 149 N. Y. 154, 161.) In Queck-Berner v. Macy (240 N. Y. 341, 347) the court (Lehman, J.), said: “A judgment must rest upon proof in regard to all matters which are in dispute between the parties, but the parties may themselves determine what matters are the subject of dispute and upon which proof may be required. The court having jurisdiction of the persons and of the subject-matter of the dispute passes on nothing else. Not only the express language of a stipulation or concession but the construction which the parties place upon it and their attitude at the trial must be given effect in determining the force of a stipulation or concession.”
The pertinent rule is also concisely stated in Mann v. Simpson & Co. (supra, p. 459) in the following language (Conwat, J.): “ The Submission provides for the judgment and courts will not go beyond a stipulation, which makes the law of the case in which it was made. (Matter of N. Y., L. & W. R. R. Co., 98 N. Y. 447, 452, 453.) There it was said: 1 * * * But the agreement of the parties bound them and concluded the court in that proceeding, and the court was bound as between the parties to observe, enforce and carry out the agreement. Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights/ ”
*752 As the counterclaims were dismissed after trial, the court should have granted judgment in favor of plaintiffs, in accordance with the stipulation of the parties. Instead of doing so, the trial court undertook to construe the contracts as written, though there was no dispute as to the meaning of language employed. In his answer defendant not only admitted that the contracts in suit did not require plaintiffs to pay for plant and capital to manufacture the flame thrower, but he affirmatively alleged the omission of such language from the contracts as proof of the fraud which entitled him to rescission or reformation.
The interpretation of the agreements was not an issue in the case. It was not litigated and none of the parties at any time suggested that there was a dispute as to the meaning of these writings. When the effort to reform or rescind the contracts failed, the defendant was not entitled to a judicial construction that it could be read as if it had actually been reformed (Greene v. Smith, 160 N. Y. 533, 541). Courts have no right to create new issues nor have they the right to find judgments on grounds not in issue. “ Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated.” (Wright v. Delafield, 25 N. Y. 266, 270; see, also, Claris v. Richards, 260 N. Y. 419; Arnold v. Angell, 62 N. Y. 508; International Photo Rec. Machs. v. Microstat Corp., 269 App. Div. 485, 491.)
The rule is also well settled that courts may not revise an agreement or make a new contract for the parties under the guise of interpreting it. (Heller v. Pope, 250 N. Y. 132, 135; Graf v. Hope Bldg. Corp., 254 N. Y. 1, 4; Brown v. Manufacturers Trust Co., 278 N. Y. 317, 324; Taber v. First Citizens Bank & Trust Co. of Utica, 247 App. Div. 580, 587, affd. 273 N. Y. 539.)
This court, though rejecting the trial court’s interpretation, now construes the agreement of December 31, 1941, as allotting to plaintiffs 5% of all the profits obtained from the manufacture of the flame thrower. Significantly, at the trial defendant admitted that before he signed the second writing he knew that Beattie Manufacturing Company would get 50% of the profits; that such arrangement was agreeable to him and that he realized it would result in according to him a lesser share; and that he thought a reasonable percentage for plaintiffs for the services which they rendered would be about 15%, an amount in excess of what this court rules should be given to plaintiffs.
Defendant’s grievance appears to be that he agreed to give plaintiffs too large a share of the profits of the enterprise. Though the trial court may have assumed that defendant made an improvident bargain, the contract under the terms of which the parties have performed for a number of years may not now be rewritten by the insertion of provisions which the parties deliberately omitted to express.
The judgment to the extent appealed from should be reversed and judgment directed in favor of plaintiffs for the relief demanded in the complaint.
Peek, P. J., Dore, Callahan and Van Voorhis, JJ., concur in Per Curiam opinion; Cohn, J., dissents in opinion.
Judgment modified in accordance with Per Curiam opinion herein and, as so modified, affirmed, with costs and disbursements to the appellants. Order denying resettlement affirmed. Settle order on notice. [See post, p. 903.]