Mario Pittoni, J.
The plaintiffs have brought this action to recover rent allegedly due on premises located at 100 Hemp- *736 stead Turnpike, West Hempstead, N. Y., for the months of January through August, 1957.
It appears that the plaintiffs leased the premises involved to Gerhard Hoifbauer, who thereafter with the consent of the plaintiffs assigned the lease to the defendant, Lane Chair Rental, Inc., hereinafter called “ Lane.” This lease which during the period in issue provided for rent at the rate of $250 per month was thereafter extended to and including August 31, 1957. On or about January 11,1956, defendant “ Lane,” with the consent of the plaintiffs, assigned the lease to Milton’s Delicatessen, Inc. On the same day, January 11, 1956, as stated in the defendant “ Lane’s ” affirmative defense, the plaintiffs entered into what may be called a modification agreement. By this modification agreement certain permissions were given to “ Milton’s ” and the term of the lease was extended from September 1, 1957 through December 30, 1960. Defendant “Lane” claims that by this modification and extension agreement defendant “ Lane ” was released from any obligation under the lease. Unfortunately for the defendant’s position this modification agreement was arranged for, and consummated by and with the consent of the defendant “Lane”. “Milton” told the defendant ‘ ‘ Lane ’ ’ that ‘ ‘ Milton ’ ’ needed a longer period than what the lease and extension time called for and certain other modifications; and also that certain moneys were to be delivered to “ Lane’s ” attorney to be held in escrow until the January 11, 1956 assignment and modification agreement were delivered to “ Milton.” Although there is no “ Lane’s ” signature on the modification agreement between the plaintiffs and “ Milton,” that agreement was arranged for and prepared by ‘ ‘ Lane’s ’ ’ attorney. In fact, its blueback has imprinted thereon, ‘ ‘ Morris Nisonoff, Counselor at Law. ’ ’ Mr. Nisonoff has been throughout all these proceedings the attorney for the defendant ‘ Lane. ’ ’ The court thus finds that this modification agreement was prepared and procured by the defendant “ Lane ” to induce the plaintiffs’ consent to the assignment and to persuade “Milton” to take the assignment of the lease. Incidentally, the parol evidence rule does not apply in this case. That rule only applies between the parties to the writing (Folinsbee v. Sawyer, 157 N. Y. 196; Nelkin v. Provident Loan Soc., 265 N. Y. 393; Richardson, Evidence [8th ed.], § 608).
Therefore, the court holds that the defendant “Lane” has not sustained its burden of proof on its first affirmative defense, and affirmatively finds that the defendant was not released from any obligation or liability by the January 11, 1956 “ modification ” agreement.
*737 Defendant “Lane,” however, has sustained its burden of proof as to part of the second affirmative defense. The court finds that on or about March 21, 1957, without any notice to or consent by the defendant “Lane” the assignee “Milton,” at the request of the plaintiffs, executed and delivered to the plaintiffs a surrender of the lease. This surrender was accepted by the plaintiffs. The document involved stated in part that ‘ ‘ for good and valuable consideration ” “ Milton ’ ’ surrendered to the plaintiffs all right, title and interest in and to a certain leasehold which they have for the premises.” That language is the corpus of the lease itself. The surrender is not of the mere possession of the premises; it is the surrender of the lease itself, for consideration, by the assignee to the plaintiff lessors (Kottler v. New York Bargain House, 242 N. Y. 28, 35; Underhill v. Collins, 132 N. Y. 269, 271). The plaintiffs prepared this instrument; they induced the assignee “ Milton ” to execute it; they directed its return to them; and they accepted this surrender. All this was done without the knowledge and consent of the defendant “ Lane.” The first knowledge which the defendant “Lane” had of this surrender was when the suit herein was started against it for the period from January 1, 1957 to August 31, 1957. This suit was started in early April, 1957 when “ Milton ” was in default for only three months.
The argument that this document was “ solely for the purpose of minimizing any liability for rent on the part of Milton’s ” lacks sufficient merit to hold defendant “Lane ” liable. The agreement between the plaintiffs and “ Milton,” without “ Lane’s ” consent, did cause a change of “ Lane’s ” position; it increased its potential liability and gave it less chance to protect itself. Then too the assignee-principal “ Milton” was “ discharged from performance of the obligation in its original form and, in effect, a new obligation is substituted for the old ” (see Becker v. Faber, 280 N. Y. 146, 148, 149). Since the defendant “ Lane,” as assignor in this case, stood as a surety to the principal-assignee “ Milton,” it is discharged from any obligation or liability for the period after March, 1957.
Since the plaintiffs did establish without contest the nonpayment of rent for the period involved, but since the defendant “Lane” is liable only for the period prior to the surrender document, the court directs that judgment shall be entered in favor of the plaintiffs and against defendant “ Lane ” for the sum of $750, plus interest.
This is the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment on notice.